JACOB STROHER, Respondent, v. PHILIP B. ELTING, Appellant.

Defendant and one McC. entered into an agreement by which the former agreed to furnish team, wagon, etc., for the purpose of carrying passengers, the latter was to gather the passengers, collect fares and divide the receipts with defendant in certain proportions. Plaintiff, while walking in a public street, was knocked down and run over by the team and wagon furnished by defendant under the agreement. McC. was driving the team, and through his negligence the accident happened. Defendant was not present. In an action to recover damages, *held*, that as to third parties, each of the parties to the agreement became the agent of the other in the prosecution of a common enterprise, and so liable for the other's negligence in regard thereto; and that, therefore, the action was maintainable.

(Argued June 25, 1884; decided October 21, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 24, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Lewis E. Carr* for appellant. Defendant was not liable for the negligence of the driver of the team; the relation of master and servant did not exist between them. (*McMullen v. Hoyt*, 2 Daly, 275; *Boniface v. Relyea*, 5 Abb. [N. S.] 259, 263; *Blake v. Ferris*, 5 N. Y. 48; *Mulligan v. Wedge*, 13 Ad. & El. 737; *Powles v. Hudson*, 36 Eng. L. R. 162; *Rapson v. Cubitt*, 9 M. & W. 70; *Quanman v. Bennett*, 6 id. 503; *Lougher v. Pointer*, 5 B. & C. 547; *Gourdier v. Cormack*, 2 E. D. S. 254; *Town of Pierrepont v. Loveless*, 72 N. Y. 211; Wharton on Neg., §§ 177, 181, 182; 2 Thompson on Neg. 892, 893; *Bissel v. Torrey*, 65 Barb. 188; *Blackwell v. Wiswall*, 24 id. 355; *Michael v. Stanton*, 3 Hun, 462; *Fenton v. Dublin S. Packet Co.*, 8 Ad. & El. 835; *Dalyell v. Tyrer*, El., Bl. & El. 906; *Woodward v. Washburn*, 3 Den. 369; Wood's Master & Servant, §§ 230, 232; *Greene v. Wag-*

*goner,* 2 Hilt. 297; *Kimbull* v. *Cushman,* 103 Mass. 194; *Kellogg* v. *Payne,* 21 Ind. 675; *Norris* v. *Kohler,* 41 N. Y. 42.) Neither was the relation of principal and agent established between defendant and the driver. (1 Wait's Actions & Defenses, 215, 235; *Lewis* v. *Ingersoll,* 3 Abb. Ct. App. 55; 2 Kent's Com. 633.) There was no partnership. If there was, defendant was not liable for the driver's negligence. (*Smith* v. *Bodine,* 74 N. Y. 30; *Conklin* v. *Barton,* 43 Barb. 435; *Burckle* v. *Eckhart,* 3 N. Y. 132; *Prouty* v. *Swift,* 51 id. 594; *Richardson* v. *Hughitt,* 76 id. 55; *Burnett* v. *Snyder,* id. 344; *Heimstreet* v. *Howland,* 5 Den. 68; *Putnam* v. *Wise,* 1 Hill, 234; *Eager* v. *Crawford,* 76 N. Y. 97; *Beecher* v. *Bush,* 5 Mich. 188; *Cox* v. *Hickham,* 8 H. L. Cas. 268, 306; *Bullen* v. *Sharp,* L. R., 1 C. P. 86; *Eastman* v. *Clark,* 53 N. H. 276; 16 Am. Rep. 192; *Ambler* v. *Bradley,* 6 Vt. 119; *Angell* v. *Cook,* 2 T. & C. 175; *Bowman* v. *Bailey,* 10 Vt. 170; *Roberts* v. *Johnson,* 58 N. Y. 613.) Recoveries against one for the negligence of another are not sustained except where the proof clearly shows that the one doing the act was the servant or agent of the one sought to be charged. (*Blackwell* v. *Wiswell,* 24 Barb. 355; *Blake* v. *Ferris,* 5 N. Y. 49; *Isaacs* v. *Third Ave. R. R. Co.,* 47 id. 122; *Wright* v. *Wilcox,* 19 Wend. 343; *Boniface* v. *Relyea,* 5 Abb. [N. S.] 259; *Michael* v. *Stanton,* 3 Hun, 462.) Whether the relations between defendant and the driver were such that the former was liable for the negligence of the latter was an inference to be drawn from the facts, and was a question for the jury. (2 Thompson on Neg. 899, § 9; *Butler* v. *Finck,* 21 Hun, 210; *Wait* v. *Ag. Ins. Co.,* 13 id. 371; *Drake* v. *Elwyn,* 1 Caines, 184; *Post* v. *Kimberly,* 9 Johns. 470, 504.) It does not follow that the driver must have been defendant's partner or servant because he drove the latter's team. (*Felton* v. *Deall,* 22 Vt. 170; *Ladd* v. *Chotard,* 1 Ala. 366; 5 Den. 68; *Putnam* v. *Wise,* 1 Hill, 234; *Bowman* v. *Bailey,* 10 Vt. 170; 6 id. 119; 2 T. & C. 175.)

*John W. Lyon* for respondent. The defendant and the

driver were partners in a joint enterprise. (*Leggett* v. *Hyde*, 58 N. Y. 272; 5 Wait's Actions and Defenses, 111, § 4; *Cutler* v. *Bettman*, 1 Bosw. 490; *Champion* v. *Bostwick*, 18 Wend. 175.) Assuming that defendant and the driver were partners, then plaintiff could proceed at his option against them jointly or severally in this an action of tort. (*Roberts* v. *Johnson*, 58 N. Y. 613, 616; *Creed* v. *Hartman*, 29 id. 591; *Phelps* v. *Wait*, 30 id. 78; *Champion* v. *Bostwick*, 18 Wend. 175.) An amendment of the complaint alleging a copartnership was not necessary. (*Bate* v. *Graham*, 1 Kern. 237.) Defendant is concluded at this time by the pleadings as they now exist. (*Clark* v. *Daley*, 20 Barb. 67; 1 Kern. 237; *Pratt* v. *H. R. R. R. Co.*, 21 N. Y. 305; *Harrower* v. *Heath*, 19 Barb. 331; *Harris* v. *Tumbridge*, 83 N. Y. 92, 97; Code of Civ. Pro., § 723; *Reeder* v. *Sayre*, 70 N. Y. 180, 189.)

DANFORTH, J. The plaintiff, while walking in a public street in the village of Port Jervis, was knocked down and run over by a team of horses and wagon belonging to the defendant. He was injured, and brought this action to recover compensation for the damages sustained. The plaintiff had a verdict, which the Special Term refused to set aside, and judgment followed in his favor. It was affirmed by the General Term.

The case shows that the defendant was not present at the collision, and upon appeal to this court the only question raised is, whether the learned trial judge erred in holding as matter of law that he was liable for the driver's negligence. There was no dispute as to the facts. The team was owned by the defendant, its driver was one McCann, the business transacted with it was the carriage of passengers, and the defendant, testifying in his own behalf concerning the relation between McCann and himself, said, in substance, that the arrangement was that he would furnish the team and equipments, and take care of them, and McCann gather the passengers and collect their fares, which were to be divided in the proportion of three-quarters to himself and one-quarter to McCann. In face of these facts the appellant contends that the relation was not that of master

and servant, which may be conceded, and also argues that there was no partnership between them, and assuming that to be so, insists that there can be no liability on the part of one for the other's act, and we must hold that way or the appeal fails.

It is clear, however, that there was a contract relation between them. They undertook to engage together in a money-making occupation, to which one contributed as capital the horses, harness and wagon, and food and care for the team, and the other his personal services. The reward of each was to be derived from the avails of the business as such, and not by way of compensation either for services or use of property. As to third persons, therefore, within rules too well settled to permit discussion, each became the agent of the other in the prosecution of the common enterprise, and liable for his omissions and faults in regard thereto. (*Champion* v. *Bostwick,* 18 Wend. 175; *Leggett* v. *Hyde,* 58 N. Y. 272; *Roberts* v. *Johnson,* id. 613.)

The learned counsel for the appellant also claims that the court should have directed the jury to inquire whether McCann was, at the time of the injury complained of, in a separate, independent business. Such fact had no evidence for its support, and it would, therefore, have been ' error to submit it as one which might nevertheless be found.

We think the judgment should be affirmed.

All concur.

Judgment affirmed.