STEPHEN McCARRAGHER, RESPONDENT, *v.* WILLIAM GASKELL AND OTHERS, APPELLANTS.

*Negligence — liability of all the members of a firm for the negligence of one of them — when a disputed question of fact should be submitted to the jury.*

This action was brought by the plaintiff, a journeyman blacksmith, against the defendants, his employers, who were boss blacksmiths, to recover damages alleged to have been occasioned by reason of their negligence. While he was engaged in welding a foot upon a stanchion, both being made of iron, the defendant Greenlie, standing to the plaintiff's left and rear, suddenly and without warning threw what is called "cherry welding compound," a mixture of borax and iron filings, upon the surface of the iron, whereby a sputtering-flux was formed and one of the liquid particles flew into the plaintiff's eye, so injuring it that he has lost the sight of it. Upon the trial the evidence was conflicting as to whether or not suddenly throwing this compound upon hot iron without warning was unusual and calculated to produce such an injury.

*Held,* that the question was properly submitted to the jury, as the evidence was such that reasonable men might well differ as to the inferences to be drawn from it.

That a verdict in favor of the plaintiff would not be disturbed.

That an exception to the ruling that the copartners of Greenlie could be held liable for his negligent or careless act was not well taken.

APPEAL from a judgment, entered upon the verdict of a jury at the Kings County Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Estes & Barnard*, for the appellants.

*James D. Bell*, for the respondent.

PRATT, J.:

This is an appeal from a judgment entered upon a verdict rendered in favor of the plaintiff for $1,000, and also from an order dated November 18, 1885, denying defendants' motion for a new trial upon the minutes in an action for negligence.

On October 10th, 1884, plaintiff, a journeyman blacksmith, was in the employ of the defendants, then boss blacksmiths in New York city. He was engaged in welding a foot upon a stanchion, both being of iron, when the defendant, Greenlie, standing to plaintiff's left and rear, suddenly and without warning, threw what is called "cherry welding compound," a mixture of borax and iron-filings, upon the surface of the iron, whereby a sputtering-flux was formed and one of the liquid particles flew into plaintiff's eye, so injuring it that he has lost the sight of it.

The defendant strenuously contends that the proof shows that the injury received by the plaintiff was one incident to the employment and of which he assumed the risk. It is true, he assumed the ordinary perils which belonged to the work itself, or naturally grew out of it; but there was evidence tending to show, and the jury have so found, that suddenly throwing the compound described upon hot iron, without warning, was unusual and well calculated to produce such an injury. Had a proper warning been given, it is possible the plaintiff might have taken some precaution to avoid the injury. But defendant claims that the proof shows that sparks are liable at all times to fly when welding iron, and that it is not established that the using of the compound was the cause of the accident; and even if it was, the defendant had a right to use it, as its use was so common and natural, that no warning was required to be given. The difficulty with this contention is, that the jury have found against it upon disputed facts, and the verdict is not so manifestly

against the weight of evidence as to justify setting it aside. We think there is evidence from which the jury were authorized to find that plaintiff was injured by reason of the compound having been used in the manner described.

This question was properly submitted to the jury, as the evidence was such that reasonable men might well differ as to the inferences to be drawn from it. (*Thurber* v. *Harlem, etc., R. R. Co.*, 60 N. Y., 331; *Stackus* v. *N. Y. C. and H. R. R. R. Co.*, 79 id., 464; *Wait* v. *Agricultural Ins. Co.*, 13 Hun, 371.)

To warrant a refusal to submit a case to a jury, it must appear, after conceding that the testimony for plaintiff is true, and after giving him the benefit of all legitimate inferences therefrom, that a verdict in his favor cannot be upheld.

The acts of defendant, Greenlie, were shown to be unusual and unexpected, and were such as justified an inference by the jury, if they believed the evidence introduced by the plaintiff, that the defendant did not act with due care.

The charge was full, fair and unexceptionable, and the damages cannot be said to be excessive.

The exception to the ruling that the copartners of Greenlie could be held liable, was not well taken. (Shearman & Red on Neg., § 39; Parsons on Partnership [3d ed.], chap. VI, p. 163; *Stroher* v. *Eltiny*, 97 N. Y., 102.)

We have examined the several exceptions taken upon the trial and to the charge, but find none exhibiting such error as to warrant the granting of a new trial.

Judgment and order appealed from affirmed, with costs.

Present—BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment and order affirmed, with costs.