JOHN S. MARSH, Appellant, *v.* WALTER M. HAND et al.,
Impleaded, etc., Respondents.

The defendants H., as executors of the will of S., entered into an agreement in writing with defendant C., by which the latter agreed to occupy, work and cultivate, on shares, for one year from April 1, 1882, a farm of which S., died seized; to keep the fences in good repair; to take care of all the stock on the farm; to leave thereon as large a quantity and as good stock as he found, and to keep nothing thereon

in which the other parties should not have an interest. The executors had the right to go on the farm, but not to interfere with the work or interests of C. The latter was to sustain any loss or damage to the stock occasioned by his neglect, and any loss or damage unavoidably occurring thereto was to be equally borne by both parties. C. occupied the farm under the contract. A vicious ram that had escaped, with other sheep, from the farm on to the plaintiff's farm, attacked and injured the latter. In an action to recover damages it appeared that the ram had been procured by C. without the knowledge or consent of the executors, after he went into occupancy, in exchange for one he found on the farm, and had been kept by him without their knowledge. A recovery was had against all of the defendants. *Held,* error; that the executors were not liable; that the act of C., in procuring the ram, did not come within any power given by the terms of the contract, or that could be implied therefrom; that there was no relation of principal and agent other than such as arose from mere bailment; and that C. could not, under the contract, be considered the servant of the executors, and so, they be held liable for his negligence.

*Champion* v. *Bostwick* (18 Wend. 175), *Strober* v. *Elting* (97 N. Y. 102), distinguished.

Reported below, 40 Hun, 339.

(Argued April 14, 1890; decided April 29, 1890.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 20, 1886, which reversed a judgment in favor of plaintiff entered upon a verdict, and granted a new trial.

In March, 1882, the defendants Hand and one Congdon, as executors of the will of Stephen D. Hand, deceased, entered into an agreement in writing with Buell Cumber, by which the latter agreed to occupy for one year from the first day of April then next, a farm of which the testator died seized, and to work and cultivate it in proper manner, to keep the fences in good repair, and to take care of all the stock left on the farm by them; he to furnish a team to do the work. Each party to have one-half of the produce and one-half the value of the growth and increase of the stock. The team to be fed from the common product, and each party to furnish one-half the seed. The executors having the right to go on the farm, but not to damage the crops or to interfere with the work or inter-

ests of Cumber. He to sustain any loss or damage to the stock occasioned by his neglect, and any loss or damage unavoidably occurring to the stock should be equally borne by the parties to the contract. And Cumber should "leave on the farm as large a quantity of hay and stock and as good as he found on taking possession or pay the" other parties "the cash value of the same," and to keep nothing on the farm in which the other parties should not have an interest. Cumber occupied the farm under the contract and continued in occupation without any other agreement, up to the time when the alleged injury was suffered by the plaintiff, in April, 1884. This action was brought against Cumber and the defendants Hand to recover for personal injuries of the plaintiff, suffered from the attack made upon him by a ram, which, with other sheep, had escaped from the farm before mentioned on to the adjoining farm of the plaintiff. The recovery was had against all the defendants. The defendant Cumber did not appeal.

Further facts are stated in the opinion.

*Edmund O'Connor* for appellant. The owner of a domestic animal is liable for all damages which it commits while trespassing on the lands of another. (*Van Leuwen* v. *Lyke*, 1 N. Y. 515; *Dolph* v. *Ferris*, 7 Watts. & Serg. 367; *Angus* v. *Radin*, 2 South. Rep. 815; *Beckwith* v. *Shordike*, 4 Burr, 2092; *Dunkle* v. *Kocker*, 11 Barb. 389; *Blackman* v. *Simmons*, 3 C. & P. 138; 1 N. Y. 515; 11 Barb. 389; 1 Sedg. on Dam. 275; *Brice* v. *Bauer*, 22 Wkly. Dig. 273.) The contract between the defendants Hand and the defendant Cumber was one of bailment and not a sale and the title to the stock on the farm remained in the Hands. (*Earl* v. *Van Alstine*, 8 Barb. 630; *Miller* v. *McKesson*, 73 N. Y. 199; *Brice* v. *Bauer*, 22 Wkly. Dig. 273; *Carpenter* v. *Griffin*, 9 Paige, 310; *Wilson* v. *Fanning*, 13 Johns. 355; *Hurd* v. *West*, 7 Cow. 752; *Reed* v. *Abby*, 2 T. & C. 380; *Mallory* v. *Wells*, 4 N. Y. 85; *Foster* v. *Pettibone*, 7 id. 435; *Norton* v. *Woodruff*, 2 id. 153; *Putnam* v. *Wyley*, 8 Johns. 432; *Marsh* v. *Titus*, 3 Hun, 550; *Putnam* v. *Wise*, 1

Hill, 234; *Taylor* v. *Bradley*, 39 N. Y. 127.)    Under the
written agreement all the defendants engaged in a common
enterprise and each is responsible for the acts and omissions of
the other in regard thereto.    (*Taylor* v. *Bradley*, 39 N. Y.
127, 129; *Champion* v. *Bostwick*, 18 Wend. 175; *Stroker* v.
*Elting*, 97 N. Y. 102; *Putnam* v. *Wise*, 1 Hill, 234; *DeMott*
v. *Hagaman*, 8 Cow. 220; *Denahart* v. *Wilson*, 15 Wend.
379; *Harmon* v. *Heath*, 19 Barb. 331; *Wilbur* v. *Sisson*, 53
id. 238; 54 N. Y. 121; McAdam on Landl. & Ten. 46; *Ward*
v. *Warren*, 82 id. 265; *Leggett* v. *Hyde*, 58 id. 272.)    The
Hands are estopped from claiming on this appeal that Cumber
had no authority to make the exchange of rams, as no such
question was raised on the trial.    (*Dutcher* v. *Porter*, 65 Barb.
15; *People* v. *T. A. R. R. Co.*, 45 id. 63; *People* v. *Hulburt*,
44 id. 126; *Funda* v. *Sage*, 46 id. 109; *Raux* v. *Brand*, 90
N. Y. 309; *Powell* v. *Waldron*, 89 id. 328; *David* v. *W. C.
F. Ins. Co.*, 7 A. W. [N. C.] 49.)    The action is properly laid
against the defendants individually.    (*Neusam* v. *Neusam*, 1
Leigh. 86; *Farris* v. *Myric*, 42 N. Y. 322; *Plumpton* v.
*Richards*, 59 Me. 15; *Fitz Hugh* v. *Fitz Hugh*, 11 Gratt.
300; *Austin* v. *Monroe*, 49 N. Y. 360; *Roberts* v. *Johnson*,
58 id. 613.)

*Wales, Hand & Fish* for respondents.    The defendants
Hand were not the owners of the stock on the farm.    (*Put-
nam* v. *Wyley*, 8 Johns. 432; *Hurd* v. *West*, 7 Cow. 752;
*Norton* v. *Woodruff*, 2 N. Y. 153; *Mallory* v. *Willis*, 4 id.
85; *Foster* v. *Pettibone*, 7 id. 435; *Carpenter* v. *Griffin*, 9
Paige, 310; *Wilson* v. *Finney*, 13 Johns. 358; *Reed* v. *Abbey*,
2 T. & C. 380; *Marsh* v. *Titus*, 3 Hun, 550; *Bartlett* v.
*Wheeler*, 44 Barb. 162.)    Independent of the question of
ownership, the stock being under the exclusive control and in
the sole custody of Cumber, the other defendants are not
liable.    (*Russell* v. *Easton*, 31 Penn. 525; *Tewksbury* v.
*Bucklin*, 7 N. H. 518; *Van Slyke* v. *Snell*, 6 Lans. 299; 2
Waterman on Trespass, 281; Shear. & Red. on Neg. § 195;
*King* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 184; *Town*

*of Pierpont* v. *Loveless,* 72 id. 214; *Blake* v. *Ferris,* 5 id. 54; *Atwater* v. *Lowe,* 39 Hun, 150.) The relations existing between Cumber and the Hands were not such as to make the other defendants liable for Cumber's acts, nor such as to make the knowledge of Cumber of the viciousness of the animal their knowledge. (*Gregory* v. *Brooks,* 1 Hun, 404; 1 Parsons on Cont. 102, 104, 160; *Tanner* v. *Hills,* 48 N. Y. 662; *Porter* v. *McClure,* 15 Wend. 187; *C. C. S. Bank* v. *Walker,* 66 N. Y. 428; *Devlin* v. *Smith,* 80 id. 470; *Taylor* v. *Bradley,* 39 id. 143, 144; *Cassidy* v. *Hall,* 97 id. 105; *Curry* v. *Fowler,* 87 id. 33; *Richardson* v. *Hughitt,* 76 id. 55; S. & R. on Neg. §§ 73, 189; *Ferguson* v. *Hubbell,* 97 N. Y. 507; *King* v. *N. Y. C. R. R. Co.,* 66 id. 181; *Pierrepont* v. *Hubbell,* 97 id. 211; *Loomis* v. *Suprs.,* 6 Lans. 269; Story on Agency, 41, § 39; Willard on Real Estate, 183; *Crippen* v. *Morse,* 49 N. Y. 63; *Bowman* v. *Travis,* 54 id. 640.) The defendants cannot be liable on account of the fences being out of repair, as by the contract they bound Cumber to keep them in repair, and by law, as the actual occupant, he was bound to do so independent of the contract. (Waterman on Trespass, §§ 875, 879; Addison on Torts, 359; Laws of 1838, chap. 261; *Broux* v. *Becker,* 17 Wend. 321; *Deyo* v. *Stewart,* 4 Den. 101; *Blood* v. *Spaulding,* 1 East. Rep. 759.) This court will sustain the order of the General Term if any ground exists upon which it can do so; it is not confined to the grounds upon which the General Term decision is based. (*People* v. *Suprs.,* 70 N. Y. 228.)

BRADLEY, J. At the time of the injury the buck sheep which made the attack on plaintiff was trespassing upon his premises. This was *prima facie* sufficient to charge the owner with liability for the damages sustained by the plaintiff. (*Van Leuven* v. *Lyke,* 1 N. Y. 515.) If, therefore, the defendants had title to the animal, the recovery against them was supported unless the relation of the defendants Hand to it was so qualified by the contract between them and Cumber as to relieve them from responsibility in that respect. The

liability for trespass arises out of a wrongful act, or failure to perform the duty imposed upon a party so chargeable. That duty, so far as relates to domestic animals, is to so restrain them as to prevent their going on to the premises of another. This duty is imperative. By the contract in question the defendants Hand surrendered the entire control of the stock on the farm to Cumber, who undertook to take care of it, and, for the purpose of keeping it on the premises, to maintain the fences. He, as well as the Hands, had an interest in the use of the stock, and was liable for the injury resulting from the trespass upon the plaintiff's premises, but inasmuch as the defendants Hand had neither parted with the title to the stock left by them upon the farm, or rented it to Cumber, they were also liable for any trespass committed by such stock upon the lands of another. The relation of Cumber as the bailee, and his duties assumed in respect to it, did not have the effect to relieve them, who were the general owners, from liability. But the ram which did the injury complained of was not left upon the farm by the defendants Hand or put there by them. It was purchased by Cumber after he went into occupancy, and kept on the farm by him without their knowledge, and to obtain it he traded off one which they had left there with the sheep. There is no evidence to justify the inference that they had in any manner ratified or adopted such exchange as made in their behalf, and this act of Cumber did not come within any power given by the terms of the contract. Whatever the Hands may have been permitted to do by way of asserting title to this animal, they were not required to recognize or accept it as their property. If they had been advised of the purchase or exchange, and failed to make objection or to repudiate it, those defendants may have been deemed to have ratified it. The want of knowledge is in the way of implication to that effect. There was no duty resting on the defendants Hand, nor did any circumstances appear by the evidence to justify the charge of notice to them, or the inference of knowledge from the lapse of time after the animal was obtained, but it is urged that the relation between them and

Cumber was such as to permit the conclusion of authority to make the purchase, and to charge them with the title to the ram. It is true that he undertook by the contract to take charge of the stock, amongst which was a flock of sheep, and that a natural increase was contemplated in which he, in common with those defendants, had an interest; and it may be that for the purpose of better accomplishing that object he made the exchange which placed the animal in question on the farm. It is not seen how that fact had the effect to authorize him to make the purchase and divest the Hands of the title to the one and to vest in them title to the other without their sanction or election to so treat it, unless the relation between them was in some sense that of agency. They were tenants in common of the crops raised there, and of the natural increase of the stock left on the farm by the executors. This created no relation of principal and agent other than such as arose from mere bailment. Cumber had no power to purchase property and charge them with liability for the purchase-price without their consent. And not having that, he could not, without their approbation, vest in them the title to property he should purchase and put on the farm. How then, for the purpose of charging the Hands with liability for the vicious attack of this ram, could they be treated as the owners of it? The fact that the contract provided that Cumber should keep nothing on the farm in which the other parties should not have an interest did not, without their election to so treat this animal, have the effect to vest title to it in them. The conclusion seems to follow that the defendants Hand were not liable as owners of the ram. It is, however, contended that the trespass and injury were the result of the negligence of Cumber, and that for his negligence the defendants were liable. This proposition cannot be supported on the ground that he was their servant. No such relation arose from the contract. (*Ferguson* v. *Hubbell*, 97 N. Y. 507.) His service in working the farm was an independent one, and not subject to the control of the other parties. It was not only contemplated that he should have the sole management

of the farm, but, by the contract, it was expressly provided that the defendants Hand should not interfere with his work there. He was an independent contractor in the sense that he had the right to be controlled solely by his own judgment without interference by the other parties. He was not subject to be discharged by them. Their remedy for his failure to perform what he undertook to do was for breach of the contract, and for damages as the consequence. Nor was the work a joint enterprise in the sense sought to be applied to it. The Hands were in no manner engaged with Cumber in carrying forward the work. While they furnished and left the stock on the farm, and were to have a share in the products, he had the entire responsibility of carrying on the business of working it, and accounting for their share in the results. He was the contractor who undertook to do all this, subject only to the terms of the contract he had made with them to do it. The cases of *Champion* v. *Bostwick* (18 Wend. 175), and *Stroher* v. *Elting* (97 N. Y. 102), cited by the plaintiff's counsel, do not necessarily have any application to the question in this case. In the former the defendants, engaged in running a line of stages on routes divided between them, were held jointly liable for an injury to a passenger on one of the lines, occasioned by the negligence of the driver of the stage. There all of the defendants were engaged in the service of carrying on the business. And in the other case the defendant was engaged with another in the business of carrying passengers, pursuant to contract between them that the defendant would furnish the team and means, and the other render the necessary services to carry on the business. By the negligence of the latter, while engaged in the service, the plaintiff was injured. The defendant was held liable on the ground that those parties to the arrangement were engaged together in the business, to which both contributed; and that as to third persons each was the agent of the other in the common enterprise. The doctrine of that case cannot be applied to the present one. There the defendant furnished the team and equipments and took care of them, and the other party

gathered the passengers and collected the fares. Thus they both participated in the service from which the fund to be divided was derived. Here Cumber, by the contract, undertook to occupy and work the farm and manage the stock left there in his own way, with a view to results and without any contribution of the defendants Hand to the service, with the performance of which they had nothing to do. The practical effect of the contract was that the executors should have a share of the products by way of compensation for the use of the property, and that Cumber was entitled to the other share as compensation for his labor in performing the contract. No negligence of the latter in the performance of the work to the prejudice of third parties could charge the Hands with liability. (*Walker* v. *Fitts,* 24 Pick. 191.)

The exception to the charge that they were liable for the negligence of Cumber, therefore, was well taken. And the trial court should have, as requested, charged the jury that those defendants were liable for nominal damages only.

The order should be affirmed and judgment absolute directed against the plaintiff.

All concur except FOLLETT, Ch. J., not sitting.

Order affirmed and judgment accordingly.