## KINMOUTH *v.* McDOUGALL.

*(Supreme Court, General Term, Third Department.   July 2, 1892.)*

1. INJURY BY VICIOUS RAM—IMPUTED NEGLIGENCE.
    Mischievous conduct of school children, during recess, without their teacher's knowledge or consent, in vexing a ram, which attacked and injured the teacher, cannot be imputed to her in an action by her for injuries.

**2. SAME—LIABILITY OF OWNER.**
   A person who knowingly keeps a domestic animal which is accustomed to at-
   tack or injure mankind is liable for damages caused by such animal to a person
   who was rightfully on the premises where such animal was trespassing.

Appeal from judgment on report of referee.

Action by Elizabeth C. Kinmouth against William McDougall for injuries
caused by a vicious ram belonging to defendant. From a judgment for plain-
tiff, entered upon a referee's report, defendant appeals.   Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Young & Kellogg, (L. H. Northup, of counsel,) for appellant.  J. M. Whitman,* for respondent.

MAYHAM, P. J.   The plaintiff prosecuted this action to recover damages
for an injury which she suffered by being butted or struck by a vicious ram,
which she alleges the defendant suffered to run at large, knowing that it was
accustomed to butt persons.   The answer was a denial, and also that the
plaintiff by her own negligence contributed to the injury of which she com-
plains.   The trial disclosed that the plaintiff was a public school teacher, and
that the farm of the defendant adjoined the schoolhouse lot, between which
and the schoolhouse there was no fence; that the plaintiff, while on her way
to the schoolhouse, and on the schoolhouse grounds, was attacked by the de-
fendant's ram and knocked down, and her arm was broken.   There was evi-
dence that this ram had attacked the defendant and others, to the defendant's
knowledge; and there was also evidence on the part of the defendant that it.
was not this, but another, ram of the defendant's that was accustomed to do
mischief similar to that complained of in this action, to the knowledge of the
defendant, and that this ram was not, to the knowledge of the defendant, vi-
cious.   On these disputed questions the referee found with the theory of the
plaintiff, and we think his finding sustained by the evidence.   The main con-
tention of the appellant is that the plaintiff was guilty of contributory negli-
gence in not preventing the pupils who attended her school from vexing and
exciting this ram, and that their wrongful acts in exciting and teasing this
animal caused him to make the attack upon the plaintiff.   It does not appear
that the plaintiff did anything to excite this animal, or that she knew that the
school children interfered with him, or gave them any permission or authority
to do so; and we have been cited to no authority holding a public school
teacher responsible for the rude and mischievous acts of the pupils during re-
cess, without the knowledge or consent of the teacher.   It is probable that,
if one of the scholars had been injured by this ram on the defendant's prem-
ises while in the act of worrying or vexing the animal, no action would lie
for such injury.   Such scholar would be deemed to have by his own wrong-
ful and negligent act contributed to the injury.   But in this case the conduct
of the children cannot be imputed to the teacher, so as to make her a party
or privy to the wrongful acts of the children.   She was lawfully upon the
schoolhouse grounds, and, so far as this case shows, the ram was a trespasser
there.   If the defendant knew of the vicious propensities of the animal, he
was bound at his peril to keep him under proper restraint.   The rule is so
well settled as to be elementary, that one who keeps a domestic animal which
is accustomed to attack or injure mankind, with a knowledge of such vicious
propensities, is liable to an action for damages at the suit of a party injured
by such animal.   *Muller* v. *McKesson,* 73 N. Y. 196; *Loomis* v. *Terry,* 17
Wend. 497; *Oakes* v. *Spaulding,* 40 Vt. 347.   It is true this rule might not
obtain when the plaintiff was wrongfully on the premises of the defendant
where the animal was so kept and restrained by the owner that no injury
would have come to the plaintiff but for his illegal act.   But that is not this
case.   Here the plaintiff was lawfully on her own premises, or where, from

her employment, she had a right to be, and where the defendant's ram was a trespasser. In *Marsh* v. *Hand*, 120 N. Y. 315, 24 N. E. Rep. 463, in a case in some respects like this, BRADLEY, J., says: "At the time of the injury the buck sheep which made the attack on the plaintiff was trespassing upon his premises. This was *prima facie* sufficient to charge the owner with liability for the damages sustained by the plaintiff;" citing *Van Leuven* v. *Lyke*, 1 N. Y. 515. We have examined the exceptions taken by the defendant to the various rulings upon evidence and findings and refusals to find by the referee, and see no error committed by him for which this judgment can be reversed.

Judgment affirmed, with costs. All concur.