PECKETT v. BERGEN BEACH CO.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. REVIEW—CONFLICTING EVIDENCE—DETERMINATION OF JURY—FINALITY.
    The determination of the jury is conclusive as to a material fact as to which the evidence conflicts.

2. PUBLIC BALLOON ASCENSION—MANAGEMENT—DUTY TO PUBLIC.
    Where an inclosure controlled by an amusement company was open to the public, who were invited to help get a balloon in readiness for an ascent, and no effort was made to keep them at a safe distance, the company, to avoid injuring bystanders, was in duty bound to have a cleat, fastened to a post, and holding a guy rope attached to the balloon, secure enough to meet the pressure which it was reasonable to expect it might be called on to bear by persons leaning on the rope, in connection with the other strain which might be put on it by its ordinary use.

Appeal from trial term, Kings county.

Action for personal injuries by Albert Peckett, an infant, by Herbert S. Peckett, his guardian ad litem, against the Bergen Beach Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

S. S. Whitehouse, for appellant.
E. G. Bullard, for respondent.

WOODWARD, J.   The defendant is a corporation organized under the laws of the state of New York for the purpose of conducting amusement enterprises at Bergen Beach, borough of Brooklyn.   On the 12th day of April, 1898, the defendant entered into a contract in writing with one McCroy to give a series of balloon ascensions; agreeing to pay McCroy $10 per week, with $5 additional for each successful ascension.   The defendant agreed to furnish the balloon, fuel, and all necessary appliances, together with helpers and attendants.   These balloon ascensions were made from an inclosure somewhat apart from the other features of the place, and this inclosure had been leased to D. & E. Lebouf for the purposes of a Japanese village, but with the right reserved to the defendant to occupy the premises for the balloon ascensions.   On the 2d day of July the gates of this inclosure were thrown open to the public, and the plaintiff, in common with others, was invited within the gates.   In inflating the balloon, two poles about 35 feet long, standing upon the surface of the ground and secured by guy ropes, are used.   The balloon is suspended from its center by a rope passing through pulleys at the tops of the poles, and when the bag is inflated the poles are taken down, to avoid danger to the aeronaut.   On the day in question these poles had been erected, sustained by three guy ropes to each pole.   Two of these guy ropes attached to the pole which fell upon the plaintiff, resulting in the injuries of which he complains, were fastened to stakes driven in the ground, and a third was fastened to a cleat nailed or spiked to a fence post.   The complaint alleges that these "poles were so carelessly erected, guyed, and maintained that one of them fell, by reason of such carelessness, upon the said plaintiff, there present by invitation of the defendant"; and the proof was directed to establishing these facts.   The trial court submitted to the jury the questions whether, under the circumstances as developed by the evidence, the defendant owed the plaintiff any duty of care; whether, owing the plaintiff this duty, the defendant was lacking in that care; and the question of contributory negligence.   The jury found in favor of the plaintiff, and from the judgment entered upon the verdict, and from the order denying a motion for a new trial, an appeal is taken to this court.

We discover no reversible error in the case.   The defendant was unquestionably in the control of the grounds during the time that the balloon was being prepared for ascension, and the plaintiff, under the proof, was invited within the inclosure.   Whether he was in a position of danger without hindrance or warning on the part of the defendant was a question upon which the evidence was conflicting, and the determination of the jury must be final.   On the question of the carelessness of the erection, guying, and maintaining of the pole, there was evidence from which the jury might properly infer that there was carelessness, and the verdict shows that they did so find. The evidence was uncontradicted that the cleat to which the rope was fastened, and the breaking away of which caused the accident, was a piece of plank $2\frac{1}{2}$ inches thick, spiked to a post presenting but 4 inches in width of surface, and that the spikes or nails used were but 4 or 5 inches in length, driven slantingly into the plank, and

thence into the post, so that not more than $1\frac{1}{2}$ inches of the nails could under any circumstances have penetrated the post. It was shown that the crowd were not only in close proximity to the balloon and the posts, but that they were invited to take hold and help to open up the balloon so that it could receive the hot air, and that a number of the spectators took hold of the bag and dragged upon it, while others hung upon the guy rope which was fastened to the cleat upon the fence. It was also shown that McCroy ordered the people to get away from the rope, but that some of them returned immediately, and that during the time that the crowd was tugging at the balloon, while others were leaning upon the rope, the cleat gave way, with the result complained of by the plaintiff.

The learned trial court charged the jury that the negligence of the defendant, if there was any negligence, "seems to have been either in not fastening the cleat originally with the firmness demanded for the strain which might be expected to come upon it, or in allowing it, by the daily straining upon it, to fall into a condition of weakness where it was not able to resist the strain which would naturally come upon it." The defendant's counsel excepted to this charge, and asked the court to charge that "if this pole in question, and the guy rope, and the cleat that was nailed to the post, were safe for the purpose for which they were intended, and were sufficient to bear the weight which would ordinarily be put on them, and if they were pulled down by reason of third persons leaning upon the pole and upon the guy rope, the plaintiff cannot recover." This request was refused, with the modification by the court: "Unless they were pulled down at the very moment by some third person. The question really is whether they were strong enough to bear what strain the defendant had a right to anticipate would be put on them." To this, defendant's counsel also excepted. If the evidence had disclosed that the balloon was in a distinct inclosure, operated entirely by the defendant's employés, and that proper efforts had been made to exclude the plaintiff from a position of danger, there would be reason in holding that the defendant owed no greater duty than to have the cleat secure enough to stand the ordinary weight which would be placed upon it. When, however, the inclosure is opened to the public, who are invited to help to get the balloon in readiness, and no effort is made to keep the public at a safe distance, there can be no doubt that the defendant was in duty bound to have the cleat secure enough to meet the pressure which it was reasonable to expect it might be called upon to bear by reason of persons leaning upon the ropes, in connection with the other strain that might be put upon it by the ordinary uses for which it was designed; and we are of opinion that the learned trial court correctly stated the rule of law, under the circumstances.

The judgment and order appealed from should be affirmed, with costs. All concur.