Matter of the Application of CALISTA BALLOU, Owner, for the Removal of ISAAC J. GORMAN, Occupant.

(County Court, Orleans County, March, 1909.)

Master and servant — The relation — Nature and existence of the relation — Under contract to work farm.

Summary proceedings — Persons against whom proceedings may be brought — Servants and employees.

An agreement by which one undertakes to have another's farm managed and worked in a good and workmanlike manner, but does not agree to give his personal services for that purpose, and by which it is provided that, if he dies, the agreement is to be carried out by his personal representatives, and no provision of which prevents his employing another person to do the work, does not create the relation of master and servant between the parties; nor are the provisions of subdivision 1 of section 2231 of the Code of Civil Procedure, relating to the occupation of premises by a servant and the termination of the relation of master and servant for the purpose of instituting summary proceedings to recover real property, applicable thereto.

PROCEEDING to remove one Gorman from premises in town of Carlton, under section 2231 of the Code of Civil Procedure.

Thompson Bros., for petitioner.

Ramsdale & Church, for Isaac J. Gorman.

33

County Court, Orleans County, March, 1909.        [Vol. 62.

Signor, J.   This is a proceeding to remove Isaac J. Gorman from premises in the town of Carlton, under section 2231 of the Code of Civil Procedure.

It is admitted that the said Gorman is in possession of the premises under an ordinary agreement for working land on shares.   The agreement is for a term which has not yet expired by limitation; but it also appears that the petitioner, prior to the commencement of this proceeding, served on him a notice that she elected to terminate the agreement and that he was discharged from her service.   This was done on the theory that the relation existing between the parties was that of master and servant and that, such being the case, it could be terminated by the employer at any time, and the only remedy the servant had was by action for damages for breach of contract, and that on the termination of the relation of master and servant the person so discharged became liable to be removed as a person who "became the occupant of the premises as a servant or employee and the relation of master and servant, or employer and employee, has been lawfully terminated."   It is insisted by the attorneys for the petitioner that the contract in question was one that created the relation of master and servant.   If such was the case, the owner of the premises *could* discharge the servant at any time and take possession without resorting to these proceedings, or could avail himself of the proceedings under the provisions of the Code.   The former proposition is stated by Church, Ch. J., in the case of Kerrians v. People, 60 N. Y. 221.   That the relation of landlord and tenant did not exist is conceded and that the relation existing was not that of lessor and lessee.   The counsel for the petitioner claims that the agreement was practically a hiring and one by which the person occupying the land was to receive one-half of the proceeds for his services.   One difficulty of this position is that Gorman was in no way subject to the direction or control of the owner of the premises.   True he agreed that the premises should be managed and worked in a good and workmanlike manner; but there is no agreement that he shall give his personal services in conducting or managing the farm, and there seems to be no reason why he should personally **perform**

any services or even reside on the farm. That his personal services are not necessary to the carrying out of the contract is also apparent from the provision in the contract that it is to bind the heirs, executors and administrators of the respective parties. With this provision it is apparent that, should the party of the second part die, his executors or administrators must complete the contract. The one-half of the crops he was to receive would be not only a compensation for services, but for the one-half of the seed furnished, the use of team and tools which he was to furnish, and for various other services he was to perform.

There seems to be no reason why the party of the second part might not sublet the farm, or engage in any other business that would occupy the whole of his time, and place some one else on the farm to manage and superintend it, being, of course, liable for any failure to carry out the provisions of the contract by the person in charge.

The relation of the parties so far as the produce of the farm is concerned is that of tenants in common. Taylor v. Bradley, 4 Abb. Ct. App. Dec. 363; Reynolds v. Reynolds, 48 Hun, 142; Taylor v. Bradley, 39 N. Y. 129. In the last case the court says, of an agreement to work a farm on shares: "It was certainly not a hiring upon wages, the benefit of which could only be derived from performance or from being out of employment * * * he had a right to occupy and an interest in the land. The owner could not exclude him nor maintain an action against him for anything done in pursuance of the agreement." The court also said, in speaking of the contract, that in its opinion it created neither the relation of landlord and tenant nor a hiring upon wages, but was a special contract partaking of some of the characteristics of both. Part of the language quoted above is from the opinion of Justice Morton in Walker v. Fitts, 24 Pick. 191, where the question of the relation of the parties to an agreement to work a farm on shares was before the court.

One difference between Spalding v. Rosa, 71 N. Y. 40, cited by petitioner's attorneys, and the present case is that in that case the contract was one distinctly for services, and it

was held that it meant personal services of a musician, and that in contracts of that nature it could be fulfilled by no one else. Here it was provided that this contract was to bind heirs and executors as well as principals. In Ferguson v. Hubbell, 97 N. Y. 507, defendant had leased a lot adjoining one of plaintiff's to work on shares, and agreed to pay the one working the land ten dollars an acre for clearing part of it. Hammond, the person working the land, in clearing, set a fire; and it was a disputed question whether damage to plaintiff's premises by fire came from negligence of Hammond or plaintiff. The court said that, if it was caused by negligence of Hammond, defendant was not liable; that Hammond was an independent contractor in clearing land by the acre and not a servant. In Marsh v. Hand, 120 N. Y. 315, which was a case of working land on shares, plaintiff sought to hold defendant for damages for injuries by a ram that had escaped from the farm, on the ground that the person working the farm was a servant of the owner for whose negligence he, the owner, was liable. The court says, speaking of Cumber, the lessee: " He was an independent contractor in the sense that he had the right to be controlled solely by his own judgment without interference by the other parties. He was not subject to be discharged by them. Their remedy for his failure to perform what he undertook to do was for breach of the contract, and for damages as the consequence." This seems to be the law in the class of cases under consideration. The contract is neither one by which the relation of landlord and tenant nor master and servant is created; but it is one of a special nature, partaking, perhaps, of both, but yet, as has been said, being neither. The parties are tenants in common of the crops; the one cannot discharge the other and regain possession by force, as it is said in Bristor v. Burr, 120 N. Y. 427, 431, can be done' when the relation is only master and servant; but, for any breach of contract or failure to properly work the land, the owner has only the remedy pointed out in Marsh v. Hand, *supra.*

Again, a distinction is made between section 2231, for the removal of a tenant where the relation of master and servant

has existed, and section 2232, which provides for removing one who occupied land under an agreement to work on shares. Under section 2231 a servant may be removed where the relation of master and servant has been terminated. Under section 2231 a person working a farm on shares may be removed " when the time fixed in the agreement for his occupying has expired." This seems to be the only provision for a summary removal in the case of a person working a farm on shares.

The proceeding must be dismissed.

Proceeding dismissed.