### THOMAS v. SPRINGER.

(Supreme Court, Appellate Division, Second Department. November 19; 1909.)

1. MASTER AND SERVANT (§ 301*)—INJURY TO THIRD PERSONS—LIABILITY FOR NEGLIGENCE—"RESPONDEAT SUPERIOR."

   A person can be held liable for negligence of another only under the maxim "respondeat superior," which applies only where the relation of master and servant exists, or where defendant is estopped to deny that it exists.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*

   For other definitions, see Words and Phrases, vol. 7, pp. 6177, 6178.]

2. PARTNERSHIP (§ 9*)—MASTER AND SERVANT (§ 316*)—EXISTENCE OF RELATION.

   The essential requisite of a partnership is an agreement to share profits and losses as such, and where a theatrical company contracted with defendant to present a play in defendant's theater for a stipulated percentage of the gross receipts, defendant retaining possession and control of the theater, the theatrical company was an independent contractor, and not a copartner of defendant, the same as though the compensation had been fixed at a definite sum, and the servants of the theatrical company, were not defendant's servants, for whose negligence he would be liable; and hence he would not be liable to a patron of the theater who, while seated under a spot light operated by an employé of the theatrical company from the rail of the top balcony, was injured by the falling of a slide.

   [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 23, 24; Dec. Dig. § 9;* Master and Servant, Cent. Dig. §§ 1242, 1243; Dec. Dig. § 316.*]

3. LANDLORD AND TENANT (§ 5*)—EXISTENCE OF RELATION.

   The contract between the theatrical company and defendant did not create the relation of landlord and tenant.

   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 5.*]

   Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

George W. Glaze, for appellant.

Rufus O. Catlin (Isaac M. Kapper and Thomas E. Pearsall, on the brief), for respondent.

MILLER, J. The action is for negligence. The plaintiff attended a performance at a theater of which the defendant was the lessee, and was given a seat directly under a spot-light apparatus located at the rail of the top balcony. During the performance, the operator of the spot light, one Eckstein, dropped a slide, and it struck the plaintiff on the head, causing, as she claims, serious and permanent injury to her nervous system. The play, "M'lle Sally," was being presented by the John C. Fischer Company, a corporation, pursuant to contract between it and the defendant. The contract provided that the defendant should furnish the theater, with the scenery and equipment therein, the regular employés such as stage hands, janitors, ushers, ticket sellers, doorkeepers, and orchestra, electricians, programs, electrical current, bill posting and distributing, and regular newspaper advertising for an entertainment to be given during the week beginning November 26th; that the John C. Fischer Company would give the performances in a proper and creditable manner, with complete cast of characters, etc., and would furnish everything necessary to that end, not supplied by the defendant, including "calcium lights required," and should receive in consideration therefor a stipulated percentage of the gross receipts. The John C. Fischer Company also agreed that the members of its company should abide by and conform to the rules and discipline for the government of the theater, and should pay for breakage or damage to property caused by them. Eckstein worked for the defendant during the day; but the defendant's evidence is, and it is not disputed, that on the evening in question he was employed and paid by the John C. Fischer Company to operate the spot light in question.

The learned trial justice charged the jury that Eckstein was not in the defendant's employ, but that his carelessness was to be imputed to the defendant, and submitted to the jury the question whether his act in dropping the slide was negligent. The respondent insists that it was a question of fact whether Eckstein was in fact in the defendant's employ when he dropped the slide, even assuming that the performing company was an independent contractor. But it is needless to consider that question, as it was not submitted to the jury. There was a contract relation between the plaintiff and the defendant; and if Eckstein was the defendant's servant, or if the defendant was estopped to deny that he was, the maxim "respondeat superior" applies, and the verdict may be sustained on the theory upon which it was submitted to the jury. Otherwise it cannot be. For cases on the general principle, see Lewis v. Long Island R. R. Co., 162 N. Y. 52, and cases cited on page 66, 56 N. E. 548. Two questions are thus presented: (1) Were the defendant and the John C. Fischer Company copartners, so that each was liable for the negligent acts of servants

employèd by the other? (2) Is the defendant estopped to deny that Eckstein was his servant?

1. The respondent asserts that the defendant and the Fischer Company were engaged in a joint adventure. Stripped of details, the contract of the Fischer Company was to presènt a play in the defendant's theater for a stipulated percentage of the gross receipts; and it seems to me that the contract is precisely as though the compensation had been fixed at a definite sum. It is unnecessary to cite authority upon the proposition that the essential requisite of a copartnership is an agreement to share profits and losses as such. Here the Fischer Company was to receive a percentage of the gross receipts not as its share of profits as such for its contribution to a joint enterprise, but as compensation for presenting a play in the defendant's theater. It is quite true, as the respondent contends, that the contract did not create the relation of landlord and tenant. The defendant retained possession and control of the theater; but the Fischer Company was an independent contractor, not a copartner, and its servants were not his servants. The case in principle is not distinguishable from Marsh v. Hand, 120 N. Y. 315, 24 N. E. 463, which distinguishes Bostwick v. Champion, 11 Wend. 572, and Stroher v. Elting, 97 N. Y. 102, 49 Am. Rep. 515, relied upon by the respondent, though the distinction may be rather fine. The Bostwick and Stroher Cases were decided upon the ground that the agreement disclosed was one to share profits as such, and not by way of compensation either for services or use of property. No doubt, parties to a contract may be liable to third persons as copartners, even though they stipulate as between themselves that that relation shall not exist, where in fact there is to be a sharing of profits as such as a return for the contribution made by each to the joint enterprise. A familiar application of that principle was made in Leggett v. Hyde, 58 N. Y. 272, 17 Am. Rep. 244, one of the cases relied upon in the Stroher Case. But unless there is an agreement to share profits as such, the parties are not liable as copartners, and cannot be made so by styling the transaction a joint adventure.

2. The defendant advertised himself to be the manager and proprietor of the theater. He retained the possession and control of it, invited the patronage of the public, and sold them tickets for admission. No doubt the plaintiff's contract was with the defendant; but there is no evidence to show that he held himself out as the proprietor and manager of the theatrical company, or in any way represented that the members of that company were his emploÿés. The only proof on this head in the record is that furnished by the printed program, which states that the defendant is proprietor and manager of the theater and that the John C. Fischer Company presents the play. The case is therefore in no respect like Hannon v. Siegel-Cooper Co., 167 N. Y. 244, 60 N. E. 597, 52 L. R. A. 429, relied upon by the respondent, which was decided on the doctrine of estoppel. It follows from what has been said that this case falls in the class of Deyo v. Kingston Consolidated R. R. Co., 94 App. Div. 578, 88 N. Y. Supp. 487, and Sebeck v. Plattdeutsche Volkfest Verein, 64 N.

J. Law, 624, 46 Atl. 631, 50 L. R. A. 199, 81 Am. St. Rep. 512. The defendant's duty to the plaintiff was suggested in each of those cases. No doubt, the defendant would be liable to the plaintiff for his own negligence, for his own breach of duty to her; but he cannot be held liable for the negligence of another, except upon the application of the maxim "respondeat superior," and, as we have seen, that may only be applied where the relation of master and servant exists, or where the defendant is estopped to deny that it exists. The case of Thompson v. Lowell, &c., St. Ry. Co., 170 Mass. 577, 49 N. E. 913, 40 L. R. A. 345, 64 Am. St. Rep. 323, was decided upon the defendant's own negligence in failing to make the place safe to which it invited the plaintiff. Wyllie v. Palmer, 137 N. Y. 248, 33 N. E. 381, 19 L. R. A. 285, was decided upon the application of the maxim "respondeat superior," but upon the ground that the one whose negligence caused the accident was in fact the servant of the defendant.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.

---

### THOMAS v. SPRINGER.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

