ROPER v. ULSTER COUNTY AGRICULTURAL SOCIETY.

(Supreme Court, Appellate Division, Third Department. December 30. 1909.)

1. AGRICULTURE (§ 4*)—INJURIES TO PERSON ATTENDING FAIR.

In an action for injuries to one caught in the rope of a balloon operated by one employed by defendant fair association, evidence *held* sufficient to support a finding that defendant did not exercise reasonable care in providing plaintiff with a safe place to see the exhibition.

[Ed. Note.—For other cases, see Agriculture, Cent. Dig. § 8; Dec. Dig. § 4.*]

2. MASTER AND SERVANT (§ 322*)—LIABILITY—INDEPENDENT CONTRACTOR.

Though defendant fair association contracted with one to give balloon ascensions, it was liable for negligence, whereby plaintiff was injured, in failing to provide her, she being entitled under her ticket of admission to access to any part of the grounds, with a safe place to view the exhibition and in failing to provide barriers against injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1263; Dec. Dig. § 322.*]

3. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence, based on sufficient evidence, is conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from Trial Term, Ulster County.

Action by Mary S. Roper against the Ulster County Agricultural Society. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

See, also, 118 App. Div. 897, 103 N. Y. Supp. 1140.

The action is for personal injuries. The plaintiff attended the annual fair held by the defendant on its grounds at Ellenville on August 29, 1906, and her admission fee thereto was paid. One of the advertised attractions of the fair was a balloon ascension by a woman aeronaut. The balloon was a large, egg-shaped sack over 60 feet in height, having a diameter of about 42 feet. It was inflated at the bottom with hot air through a large opening. While being inflated it was held in position by means of a wire strung between the tops of two large poles about 40 feet in height, standing vertically and held in position by guy ropes extended from the tops of the poles to stakes in the ground. After the balloon was filled with hot air and ready to be released,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the poles were dropped to the ground. It was then held down for several minutes by a number of bystanders with ropes attached thereto, who released their hold upon the orders of one Williams, who had the contract with the defendant for this special attraction. There was attached to the top of the balloon a long rope, having tied to it a sand bag weighing about 15 or 20 pounds, which bag, when the balloon ascended, hung near the bottom of the balloon. The rope extended, according to the plaintiff's evidence, some distance below the bag, and before the ascension it was concealed in the grass on the ground, which was about three inches high. The purpose of the rope and the sand bag was to tilt the balloon after the ascension, to let the hot air out so it would descend. This was to be operated at about the time when the aeronaut cut loose from the balloon to descend in her parachute. The plaintiff was one of about a thousand in a crowd about the balloon when it was being inflated. After the poles had fallen the plaintiff and the crowd rushed up still nearer to the balloon. There was no rope or other barrier making an inclosure about it to keep the crowd back. According to the plaintiff's evidence the only warning given to her or to the crowd at any time was to look out for the poles, as they might drop or break, and no warning was given to look out for any ropes in the grass or on the ground. When the balloon was released the sand bag rope, by a half hitch or in some manner, caught the plaintiff about her left ankle and threw her down and dragged her for a distance. She caught hold of the rope near or at the bag with her left hand in such a manner that the forefinger on that hand became entangled in it, and being so caught by her left ankle and finger she was carried a distance of several hundred feet in the air. The aeronaut, who was in the parachute some distance below her, discovered her predicament and was able to make a descent and to jump from the parachute as it reached the ground in time to catch the plaintiff before she struck it. The plaintiff had one bone of her finger broken and received other bruises and injuries, for which she has received a verdict, and the defendant appeals.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John R. Devaney, for appellant.
John J. Linson and Frederick Mellor, for respondent.

CHESTER, J. The appellant contends that the negligence in this case, if any, was that of Williams, an independent contractor for which the defendant was not liable. The evidence, it is true, shows that Williams contracted with the defendant to give the balloon ascension with parachute attachment upon each day of the fair, and that he was to furnish the balloon, the aeronaut, and all the other appliances for making the ascensions, except the brickwork used to inflate the balloon, and the fuel and labor to dig a trench therefor. It is clear, however, from the evidence, that the plaintiff was entitled under her ticket of admission to access to any part of the grounds to view the exhibition, and as long as the defendant had not provided barriers or given warnings to prevent her from going close to the balloon, she had a right to go there with the crowd. Under this view of the case a question of fact was presented as to whether or not the defendant had furnished her a safe place from which to view the ascension, and also whether it had exercised reasonable care in that respect. The evidence in relation to the warnings given to the plaintiff and others about the balloon was conflicting, but it was sufficient to justify a finding that no warnings were given of any danger other than from the falling of the poles.

The question as to whether or not the defendant had exercised reasonable care in providing the plaintiff with a safe place to see the exhibition was submitted to the jury, and their finding was adverse to the contention of the defendant. This verdict has sufficient support in the evidence. The failure in this respect was that of the defendant, and not that of Williams, the contractor, and under the authorities created a liability against the defendant for the plaintiff's injuries. Peckett v. Bergen Beach Co., 44 App. Div. 559, 60 N. Y. Supp. 966; Schnizer v. Phillips, 108 App. Div. 17, 95 N. Y. Supp. 478. The case of Deyo v. Kingston Consolidated Railroad Company, 94 App. Div. 578, 88 N. Y. Supp. 487, cited by the appellant, is not an authority against this doctrine. On the contrary, the rule of liability here invoked by the respondent is there expressly recognized.

The questions of plaintiff's freedom from contributory negligence and of her assumption of the risk were also properly submitted to the jury, and their verdict as to those matters must be controlling, based as they were upon sufficient evidence.

The judgment and order should be affirmed, with costs. All concur.