RUSSELL MILTON OLES, as Guardian ad Litem of HOMER PHILIP OLES, an Infant under the Age of Fourteen Years, Respondent, *v.* COLUMBIA COUNTY AGRICULTURAL SOCIETY, Appellant.

Third Department, November 18, 1932.

*Rosendale, Dugan & Haines* [*P. C. Dugan* and *Kenneth J. Dugan* of counsel], for the appellant.

*Connor & Eaton* [*William E. J. Connor* of counsel], for the respondent.

HILL, J. The defendant, a membership corporation, in September, 1931, conducted a county agricultural fair upon its fair grounds at Chatham, Columbia county. Among the concessionnaires permitted upon its grounds was a Mrs. Fuller who, in consideration of forty dollars paid to defendant, was permitted to rope off an area for a pony track. Three ponies were kept in this area or paddock. They were attended by a man and two boys. Children in attendance at the fair who paid the concessionnaire for the privilege, were allowed to ride upon the ponies. The plaintiff, a child under four years of age, with its mother and other members of the family, was in attendance at the fair, and rode upon one of the ponies. The ride was taken in the presence of the mother and with her consent, and paid for by another member of the child's family. The pony became fractious and threw the child from its back, causing injuries for which a judgment has been recovered against defendant. This appeal is from that judgment.

The leasing of the land and the sale of the privilege to solicit patronage from those who came to defendant's grounds established a relation more nearly akin to landlord and tenant than master and servant or principal and agent. The concessionnaire, the man in charge of the ponies or the boys who led them were not employees or agents of the defendant, and the doctrine of *respondeat superior* does not apply. (*Marsh* v. *Hand,* 120 N. Y. 315; *Thomas* v. *Springer,* 134 App. Div. 640; *Deyo* v. *Kingston Consolidated R. R. Co.,* 94 id. 578.) It was an independent enterprise, in which defendant was not interested. (*Thomas* v. *Springer, supra; Berg* v. *Parsons,* 156 N. Y. 119.) Defendant did nothing which would indicate its interest in or responsibility for the acts of the pony concessionnaire. The privilege to ride a pony was not incident to admission to the fair ground. A separate payment was made to those in charge of the ponies. Defendant is not estopped by its conduct from denying liability, even if the caretaker of the ponies was negligent. The case differs in this regard from *Hannon* v. *Siegel-Cooper Co.* (167 N. Y. 244).

The defendant owed plaintiff the obligation to keep the fair grounds in a reasonably safe condition. (*Roper* v. *Ulster County Agricultural Society,* 136 App. Div. 97; *Fox* v. *Buffalo Park,* 21 id. 321; *Thomas* v. *Saratoga Assn. for Improvement of Breed of Horses,* 226 id. 706.) This obligation would require defendant to exercise

reasonable care to prevent the exhibition, use or handling, without necessary safeguards like hobbles, cages or barriers, of animals known to be dangerous or liable to injure persons. This would not apply to a domesticated pony. Without proof that defendant's officers had knowledge of the pony's vicious tendencies, no liability existed. There had been no previous accidents. Plaintiff's mother saw that the ponies were being led by the boys. Any danger incident to a ride under such conditions was as obvious to her as to the defendant. There was no danger known to defendant's officers which was hidden from the mother. If she was negligent, it was imputable to the plaintiff.

The judgment and order should be reversed on the law and facts, with costs, and the complaint dismissed, with costs.

Van Kirk, P. J., Hinman, Rhodes and Crapser, JJ., concur.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.