■ ERIKA ROOTS, Respondent, v. CLAREMONT RIDING ACADEMY, INC., Appellant.— Judgment entered in plaintiff's favor on December 21, 1962, in the amount of $15,235.40, unanimously reversed, on the law, and the complaint dismissed, with costs. The plaintiff recovered a judgment for injuries sustained as the result of a fall from a horse while she was a student at the defendant's riding school. To sustain her cause of action the plaintiff relies on the theory that the defendant and its employees were negligent in knowingly causing her to use a horse unsuitable for use by students learning to jump. The plaintiff has the burden of demonstrating such "unsuitability" and the defendant's knowledge thereof. The evidence is insufficient to support either of these charges. We find, therefore, as a matter of law, that there was no negligence proven and consequently the complaint must be dismissed. Furthermore, learning to ride a jumping horse is not a sport without inherent dangers. When the plaintiff undertook to take instructions in that sport she assumed the risk of the dangers inherent therein. Absent a basis for a finding that the horse was not a proper one for the purposes for which it was used, the plaintiff may not recover for injuries sustained due to the hazards of the sport. Nor does a cause of action arise because the instructor urged the plaintiff to remount after she had once fallen from the horse. There is nothing in the evidence to indicate that it is not proper practice for an instructor to so urge a pupil. Furthermore, there was no "compulsion" for her to remount (cf. *Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182, 188; *Verduce* v. *Board of Higher Educ.*, 9 A D 2d 214, rev. 8 N Y 2d 928). Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.