█ Louis A. VARRIALE, Respondent, v. SUNNYBROOK ACRES, INC., et al., Appellants, et al., Defendant.— In a negligence action to recover damages for personal injuries sustained in a fall from a horse, defendants Sunnybrook Acres, Inc., and Laura and Kenneth Pohl appeal from a judgment of the Supreme Court, Queens County, entered November 20, 1970, in favor of plaintiff against them upon a jury verdict in the sum of $22,500. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. In our opinion, the probative evidence does not support the finding implicit in the verdict that the horse which plaintiff was riding possessed vicious propensities known to appellants. Plaintiff sought to establish that prior to his accident the horse had been involved in another incident, which had been reported to appellants, but of which plaintiff was unaware. The only competent evidence introduced to support this claim was that the two accidents involved horses of similar coloring that were equipped with nonwestern saddles. However, 15 of appellants' horses fit the particular description and there were a number of nonwestern saddles in use. Thus, the link between the various accidents was too tenuous to warrant the conclusion that the same horse was involved. Hopkins, Acting P. J., Munder, Latham, Gulotta and Brennan, JJ., concur.

█ VINCENT A. WHITE, an Infant, by ALEXANDER WHITE, His Guardian ad Litem, et al., Respondents, v. CITY OF NEW YORK, Appellant.— In a medical malpractice action to recover damages for personal injuries sustained by the infant plaintiff, in which the infant's father sought damages, as limited at the trial, for loss of his son's companionship, defendant appeals from so much of a judgment of the Supreme Court, Kings County, entered February 18, 1970, as is in favor of plaintiffs upon a jury verdict. Judgment modified, on the law and the facts, by deleting therefrom the third decretal paragraph, which granted a recovery to the plaintiff father on his cause of action, and by dismissing that cause of action. As so modified, judgment affirmed insofar as appealed from, with costs to the infant plaintiff, Vincent Alexander White. It was error to permit an award to the father for loss of his child's companionship. There was no proof of special damages or loss of services. The loss of a child's society is not compensable (*Gilbert* v. *Stanton Brewery*, 295 N. Y. 270, 273; *Foti* v. *Quittel*, 19 A D 2d 635). Hopkins, Acting P. J., Martuscello, Shapiro, Gulotta and Benjamin, JJ., concur.