◼ JEANNE D. BUCHHOLZ et al., Respondents, v HARMON SHAPIRO et al., Defendants, and ROBERT J. BOTTA, Appellant.—In a negligence action to recover damages for personal injuries, etc., in which a jury verdict was returned in favor of plaintiffs against defendant Botta on the issue of liability only, after trial on that issue, defendant Botta appeals from (1) an order of the Supreme Court, Rockland County, entered July 9, 1974, which denied said defendant's motion (a) to set aside the verdict and (b) for

judgment in his favor or for a new trial, and (2) an interlocutory judgment of the same court dated August 15, 1974, which directed that trial on the issue of damages proceed. Order reversed, and interlocutory judgment reversed as to defendant Botta, on the law, with costs, verdict against defendant Botta set aside and complaint dismissed as against said defendant. In June, 1969 appellant purchased a Welsh pony from defendant Shapiro and stabled it at the farm of defendant Car-Har Stud Farms, Inc., a corporation which was wholly owned by Shapiro and his wife. Occasionally defendant Nancy Jarrett, who was 12 years of age, rode the pony. During the 1969–1970 Christmas and New Year holidays appellant and his family went on a Caribbean vacation. While they were away the pony was ridden by Nancy, but apparently without appellant's permission. During one such ride in an indoor equestrian ring located at those stables the pony came in contact with plaintiff Jeanne Buchholz and caused the injuries for which she and her former spouse seek recovery. Mrs. Buchholz was an experienced horsewoman who was in the ring for the purpose of schooling ponies for an upcoming horse show. A horse is a domesticated animal (Agriculture and Markets Law, § 107). The rule which governs the liability of the owner of a domestic animal for personal injury caused by it is well settled. The owner is not responsible for such injury unless it appears that the animal had the pre-existing vicious propensity to do the particular injurious act complained of and it further appears that the owner had knowledge thereof at a time prior to the act *(Hosmer v Carney,* 228 NY 73; *Benoit v Troy & Lansingburgh R. R. Co.,* 154 NY 223; *Shuffian v Garfola,* 9 AD2d 910). On this record there is an absence of evidence that the pony ever manifested vicious propensities. Therefore the question of appellant's liability on that theory should not have been submitted to the jury. Similarly, there was no evidence that appellant was negligent in permitting (if he did permit) Nancy to ride the pony. The record demonstrates that the rider, whether she be labeled an interloper or an agent, possessed the requisite skills to ride the pony. Finally, there is no evidence in the record to show that appellant negligently failed to make proper and adequate arrangements for the boarding of the pony. If we were not dismissing the complaint as to appellant we would set aside the verdict against him as contrary to the weight of the evidence. Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.