■ Zachary Lomnitz, an Infant, by His Mother and Natural Guardian, Frances L. Lomnitz et al., Respondents, v Town of Woodbury, Appellant, and Wick Properties, Inc., Respondent. — In a negligence action to recover damages for personal injuries, etc., the defendant Town of Woodbury appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County, entered August 14, 1980, as denied its motion for summary judgment. Order reversed insofar as appealed from, without costs or disbursements, and motion granted. Zachary Lomnitz (hereafter plaintiff) was injured on August 15, 1976 in the Town of Woodbury when he and his bicycle ended up in an open drainage ditch that runs parallel to Schunnemunk Road. According to his examination before trial, plaintiff was returning to the bungalow colony where he and his family were staying for the summer. Plaintiff was 11 years old at the time. He had owned the 10-speed, 24-inch bicycle for several months prior to the accident and, "once in a while", had previously cycled on the road where he fell. Plaintiff also testified that he was "driving" the bicycle down the hill slowly. He turned the wheel "a little bit [and] went into the ditch." There was no shoulder between the road and the ditch. There were no holes in the road, but there were some broken stones around. Plaintiff's injuries included a "possible" skull fracture and cerebral hemorrhage. The complaint alleged that the accident occurred because of the negligence of the defendant town in maintaining Schunnemunk Road "and/or the roadbed and shoulder appurtenant thereto." In the bill of particulars the town's negligence was specified as the

failure to keep and maintain the road in a state of good repair; the failure to keep and maintain the road in a reasonably clean and smooth condition free from debris, rocks, and other foreign matter; "permitting and/or allowing the ditch referred to in the Complaint to remain without a barrier or other protective device between the ditch and the travelled portion of the roadway; in failing to place a barrier or other device or drain cover upon the ditch aforesaid; in failing to post signs or other warning devices as to the danger to persons upon the roadway; in maintaining the roadway in an exceedingly narrow condition so as to force the plaintiff * * * as a bicycle rider, to the extreme right of the road immediately adjacent to said ditch to avoid being struck by a moving motor vehicle traveling in the same direction as the plaintiff". After the defendant town answered by essentially denying the allegations and asserting as an affirmative defense the plaintiff's contributory negligence, it moved for summary judgment. In support of its motion, the town submitted an affidavit by its superintendent of highways, William Tannery, and an affirmation by one of its attorneys. Defendant Wick Properties, Inc., cross-moved for summary judgment and its cross motion was granted on the ground that it did not own the property on which the drainage ditch was located. That portion of the order has not been appealed. Tannery's affidavit stated in part that drainage ditches and culverts in close proximity to the traveled rights of way are common throughout rural locales and that the subject drainage ditch posed no danger to the traveling public. The attorney's affirmation referred to the infant's examination before trial and asserted that reading the evidence in a light most favorable to plaintiffs, no basis was established upon which to predicate negligence on the part of the town. Plaintiffs opposed the motion with an affirmation by their attorney, which quoted from the examinations before trial of Tannery and the infant plaintiff. We agree with the town and grant its motion for summary judgment. Plaintiffs have not shown by any evidentiary facts that the ditch caused the accident or contributed to it in any way or, indeed, that any conduct of the town caused the accident (cf. *Tomassi v Town of Union,* 46 NY2d 91). Although the infant plaintiff's testimony was that there were some broken stones on the road, that testimony does not indicate in any way that the stones caused him to fall. The fact that plaintiff fell from his bicycle or with his bicycle into the drainage ditch does not, without more, raise a triable issue as to the town's negligence. Plaintiffs' contention that the issue of fact to be tried is whether the uncovered drainage ditch was a hazard has no merit, inasmuch as they have not related the ditch to the fall or even indicated that the injuries incurred were more severe than they would have been had the infant only fallen from his bicycle onto a roadway. Although summary judgment is granted infrequently in negligence actions, it should be granted where there is no merit to the cause of action, i.e., where a plaintiff has failed to establish a genuine issue of fact with respect to defendant's negligence as a proximate cause of the accident *(Blake v Gardino,* 35 AD2d 1022, affd 29 NY2d 876). Lazer, J.P., Cohalan, Margett and O'Connor, JJ., concur.