■ CHERIE APPEL, Respondent, v CHARLES HEINSOHN, INC., Doing Business as LAKESIDE RIDING ACADEMY, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated October 1, 1982, which denied its motion for summary judgment. Order reversed, on the law, without costs or disbursements, motion granted, and plaintiff's complaint is dismissed. Plaintiff was injured on May 13, 1978, when she fell off a horse on the bridle path of Hempstead State Park. Plaintiff, a 32-year-old woman, arrived with a friend at defendant's riding academy on the morning of the incident. Both plaintiff and her friend indicated that they were experienced riders. Plaintiff requested a horse that would respond to "light hands", meaning one that would respond to commands that are given gently and easily. Pursuant to the rules of the riding academy, plaintiff and her friend first rode their horses in its corral area, were observed by its manager, and then put the horses through walk, trot and canter paces. Plaintiff appeared to have no difficulty controlling her horse and it was responsive to her commands. When the manager was satisfied that plaintiff and her friend were qualified riders they were allowed to leave the riding academy property to ride on the trails of Hempstead State Park. In order to get to the park it was necessary to travel a short distance on a public road. According to plaintiff's examination before trial, once they reached the public road her horse began to act nervously, shifting from one foreleg to the other. She managed to calm the horse down. Once they reached the bridle path, plaintiff loosened the reins and the horse began trotting. A few moments later, she loosened the reins further to direct her horse to canter. At about this time plaintiff and her friend encountered another rider who ran his horse back and forth past them several times. When plaintiff asked him to stop, he made some rude remark. Several minutes after this incident, and about 20 minutes after they had started riding, plaintiff's horse broke into a spontaneous gallop. She reined in on the horse but was unable to stop it and eventually she fell off

sustaining injuries. To sustain her cause of action plaintiff relies on the theory that the horse was unsuitable for the purpose for which it was hired. She incorrectly claims that the vicious propensity of the horse is not a necessary element of her proof. The term "vicious propensity" includes "a propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (*Dickson v McCoy,* 39 NY 400, 403; *Shuffian v Garfola,* 9 AD2d 910). In order to establish a prima facie case the plaintiff in a case such as this must adduce proof not only that the animal had vicious propensities but that the owner of the animal had knowledge of such propensities or that they existed for such a period of time that a reasonably prudent person would have discovered them (1 PJI [2d ed] 2:220). In opposition to defendant's motion for summary judgment, plaintiff failed to come forward with any evidentiary proof that the horse that she was riding had ever manifested vicious propensities, and thus she failed to establish that she could make out a prima facie case of negligence at a trial (see *Roots v Claremont Riding Academy,* 20 AD2d 536, affd 14 NY2d 827; *Buchholz v Shapiro,* 48 AD2d 694; *Varriale v Sunnybrook Acres,* 37 AD2d 603). Furthermore, the fact that the horse may not have followed plaintiff's direction on the occasion in question, standing alone, is not a sufficient basis from which to infer that it was unsuitable for the purpose for which it was hired. Because plaintiff failed to set forth in her opposing affidavits evidence creating a triable issue of fact as to defendant's negligence, the denial of summary judgment was improper (see *Gibbons v Hantman,* 58 AD2d 108, affd 43 NY2d 941; *Lomnitz v Town of Woodbury,* 81 AD2d 828). Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.