■ JOHN BROPHY, Individually and as Parent and Natural Guardian of ELIZABETH BROPHY, an Infant, Respondent, v COLUMBIA COUNTY AGRICULTURAL SOCIETY et al., Appellants. (And Another Related Action.)—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered February 8, 1985 in Rensselaer County, which denied defendants' motions for summary judgment dismissing the complaint.

On September 4, 1982, Deborah Brophy, accompanied by her 3½-year-old daughter, Elizabeth, paid an admission fee for entry to the Columbia County Fair operated by defendant Columbia County Agricultural Society (Society). Brophy and her daughter entered a barn to look at horses stabled therein. This particular barn was leased by the Society to defendants Ronald and Barbara Eigenbradt, and despite a "no trespassing" sign, was open to the fairgoers for the purpose of viewing horses. The Brophys looked at horses in the first three stalls and, as they approached the fourth stall, a 12-year-old boy, Ronald Ernst, whom Barbara Eigenbradt had left in charge of the horses, called out, "You better stay away from that horse, it bites." At the same moment, the horse in the fourth stall, named "Copies Reflection," leaned out and bit the infant on her face and neck, lifting her off the ground approximately one foot and dropping her to the barn floor. This negligence action was commenced to recover damages for the serious personal injuries sustained by the child. In essence, plaintiff asserts that defendants failed to restrain the horse despite its vicious propensities. After joinder of issue and completion of discovery proceedings, Special Term denied the motions by the Society, as owners of the barn, and the Eigenbradts, as owners of the horse, for summary judgment dismissing the complaint.

On this appeal, defendants contend that plaintiff failed to factually demonstrate that the horse had any vicious propensities, or that defendants knew or should have known of such propensities. We disagree. To establish a prima facie case for

an injury caused by a horse, a domestic animal (Agriculture and Markets Law § 107), it was incumbent on plaintiff to demonstrate "not only that the animal had vicious propensities but that the owner * * * had knowledge of such propensities or that * * * a reasonably prudent person would have discovered them" (Appel v Charles Heinsohn, Inc., 91 AD2d 1029, 1030, affd 59 NY2d 741, citing 1 PJI 2:220; see, Buchholz v Shapiro, 48 AD2d 694, 695). "Vicious propensity" has been defined as "the tendency of [an animal] to do an act which might endanger another" (Wheaton v Guthrie, 89 AD2d 809, 810). Proof of a previous attack is unnecessary where other factors are indicative of knowledge (see, Perrotta v Picciano, 186 App Div 781, 783). With these guidelines in mind, and giving plaintiff the benefit of every favorable inference, as we must (see, Blake-Veeder Realty v Crayford, 110 AD2d 1007, 1008), we find that plaintiff met his burden of establishing a prima facie case against both the Society and the Eigenbradts.

In an examination before trial, Barbara Eigenbradt admitted that she left Ernst, who regularly helped out with their horses, to watch over the horses and warn the fairgoers to stay away from them. As indicated, Deborah Brophy attested to the fact that Ernst warned her, just moments before the incident in question, that Copies Reflection "bites". While Barbara Eigenbradt testified that Copies Reflection was of average size, she earlier stated that this horse was very large and had a long reach, which prompted her to advise Ernst to warn fairgoers to keep their distance. Further testimony from both of the Eigenbradts indicated that the horse had a tendency to push people, although, in their view, not in a harmful manner. Based on these factors and the nature of the attack itself, which was plainly unprovoked and quite severe (see, Carlisle v Cassasa, 234 App Div 112, 116; Perrotta v Picciano, supra), we find that Special Term properly determined that a question of fact was raised as to the horse's vicious propensity and as to whether the Eigenbradts, as owners, were aware of or should have been aware of such disposition.* Very clearly, if a 12-year-old boy was aware of the horse's vicious nature, as his untimely warning to the Brophys evidences, it would not be unreasonable to attribute a

---

* We further note that the statement of Ernst, which we recognize is unsworn and not in admissible form, not only confirms the fact that he warned the Brophys that the horse "bites", but also that Copies Reflection attempted to bite someone earlier in the day (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.12; see also, Zuckerman v City of New York, 49 NY2d 557, 562).

similar awareness to the Eigenbradts, who owned and trained the horse for five years *(see, Perrotta v Picciano, supra,* pp 784-786).

We further find that a prima facie case was established against the Society. Plaintiff contends that as the operator of the fair, the Society owed his family a duty to provide a safe place for viewing and that a question of fact exists as to whether this duty was breached *(see, Roper v Ulster County Agric. Socy.,* 136 App Div 97). The Society maintains that the duty owed was more narrow and that the same rule of liability applicable to the Eigenbradts extends to them, i.e., no liability exists absent a showing of knowledge of the horse's vicious tendencies *(see, Oles v Columbia County Agric. Socy.,* 236 App Div 569; *see also, Strunk v Zoltanski,* 62 NY2d 572; *Quilty v Battie,* 135 NY 201, 204). Even if the Society's standard is applied, we nonetheless find that an issue of fact as to the Society's liability was raised. As part of its leasing agreement, the Society maintained and inspected the barn areas. Copies Reflection had been stabled on its property for five years, giving rise to an inference that the Society's representatives may have been aware of the horse's nature. For these reasons and the factors listed with respect to the Eigenbradts, a question of fact is presented as to whether the Society knew or should have known about Copies Reflection's tendencies. It follows that Special Term properly denied defendants' requests for summary judgment.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

