OPINION OF THE COURT
Howard E. Levitt, J.
Motion for summary judgment in favor of the defendants is granted.
On October 4, 1984, the defendant, Marciana Bottger, ap *491 peered at the plaintiff Harold J. Wignes’ home and requested his assistance in retrieving her cat from the roof of a neighbor’s house. The plaintiff declined this request, but he followed the defendant to the neighbor’s house. After arriving there, the plaintiff noticed that the defendant was attempting to lift an aluminum ladder to the side of the house directly under some electrical wires leading into the house. The plaintiff then took the ladder from the defendant, warning her of the risk of electrocution if she placed the ladder under the wires. Immediately, the plaintiff moved the ladder to another side of the house. At that time if there was any rescue involved, it had successfully been completed. Thereafter the defendant never even attempted to climb the ladder. The plaintiff nevertheless ascended the ladder in order to retrieve the cat.
When the plaintiff reached the roof, he located the cat, walked across the roof, petted it, picked it up and returned to the ladder. Up to that point the cat remained docile. In order to descend the ladder, the plaintiff held the cat in this right hand, by the scruff of the neck, at arm’s length away from his body. While the plaintiff was descending, the cat twisted around in the plaintiff’s hand "and sank its fang into the knuckle”. The plaintiff maintained his grip on the cat for a few more steps, until the cat began to chew on the middle knuckle, at which point the plaintiff dropped the cat. When the plaintiff reached the ground he informed the defendant that her cat had bitten him and then he returned to his home.
The plaintiff Harold J. Wignes commenced this action asserting a right to relief based on three theories, namely, that (1) the defendant is liable due to her allegedly dangerous and negligent activities which invited rescue by the plaintiff; (2) the defendant was negligent in allowing the cat to run untethered and without supervision; and (3) the cat was known by the defendant to have vicious propensities of which the plaintiff was not made aware at the time of the alleged rescue.
The plaintiff seeks recovery under the "Danger Invites Rescue” doctrine. According to this doctrine, the person rescued or intended to be rescued may be liable in negligence to the rescuer, where the rescued party placed himself in the perilous position which invited rescue. (Carney v Buyea, 271 App Div 338 [4th Dept 1946].) For this doctrine to apply "there must be unbroken continuity between the commission of the wrong and the effort to avert its consequences.” (Wagner v International Ry. Co., 232 NY 176, 181 [1921].) The court determines that, as a matter of law, the plaintiff is not *492 entitled to a recovery based on the "Danger Invites Rescue” doctrine. At the time the plaintiff was injured, the defendant was not engaged in any dangerous activity which invited rescue by the plaintiff.
While the defendant might indeed have endangered herself by placing the ladder underneath the electrical wires, that potential danger was averted once plaintiff moved the ladder to another location. Where there is no threat of imminent peril or injury to anyone at the time of an alleged rescue, the injured party cannot recover. (Landby v New York, New Haven & Hartford R. R. Co., 278 App Div 965 [2d Dept 1951].) The defendant, who was standing on the ground next to the ladder, was not in any imminent peril at the time the plaintiff ascended the ladder to retrieve the cat. Furthermore, if the plaintiff puts himself in a dangerous position for the purpose of rescuing an endangered person, but not that person’s property, the plaintiff may recover from that person. The plaintiff may not, however, recover when he endangers himself merely for the protection of another’s property. (Landby v New York, New Haven & Hartford R. R. Co., supra.) Thus, even if the defendant was negligent in allowing her cat to climb onto the neighbor’s roof, the plaintiff cannot recover on a claim that his injuries were incurred while retrieving the defendant’s cat.
In regard to the defendant’s liability in negligence for allowing her cat to run untethered and without supervision, the plaintiff has produced nothing to show that the defendant is required to keep the cat tethered and under supervision. Chapter 4 of the Code of Ordinances of the Town of Oyster Bay, which pertains to the keeping of animals and fowl, does not require that cats be tethered, supervised or confined.
The defendant may be liable for the injuries resulting from the cat bite, if the plaintiffs can show that the cat was, or should have been, known by the defendants to have "vicious propensities”. A "vicious propensity” has been defined as a natural inclination or habitual tendency to do acts endangering a person or property. (Shuffian v Garfola, 9 AD2d 910 [2d Dept 1959].) The term "vicious propensity” is usually applied to describe an unprovoked attack or the actions of an animal either trained or known to attack.
In regard to domestic animals, "vicious propensities” are most often ascribed to dogs. There exists no New York case law establishing the existence of "vicious propensities” in a *493 cat. Evidence that an animal has responded to a provocation by biting or scratching is not considered as an attack, nor does it establish a "vicious propensity”. Taking the plaintiff Patricia Wignes’ allegations as true, and assuming that known to the defendant the cat had bitten someone upon the provocation of being forced into a carrying case, as a matter of law this knowledge is insufficient to show that the cat had known "vicious propensities” of which the plaintiff should have been warned. That the cat bit the plaintiff in response to being held by the scruff of the neck, 8 to 10 feet above the ground, is not demonstrative of a "vicious propensity” but rather is a natural reaction.
Under no theory suggested by the facts of the case can the defendants be held liable for the plaintiff’s injuries.
Accordingly, the defendants’ motion for summary judgment is granted.