■ JAMES DONOHUE, Appellant, v RITCHIE LOSITO et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered July 18, 1986, which, upon granting the defendants' motion at the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff in his complaint alleged, *inter alia,* that the three defendants assaulted him, causing him to fall forward onto his face, and that they conspired to injure him. The case proceeded to trial before a jury. At the close of the plaintiff's evidence, the court granted the defendants' motion to dismiss the complaint for failure to make out a prima facie case.

It is well settled that on a motion to dismiss a complaint for failure to establish a prima facie case, a plaintiff is entitled to the most favorable view of the available evidence. Before a complaint may be dismissed at the close of the plaintiff's evidence, there must be no rational basis upon which the jury might find in favor of the plaintiff (see, *Blum v Fresh Grown Preserve Corp.,* 292 NY 241; *Merkle v Smith,* 66 AD2d 913, 914). In the instant case, we find that dismissal at the close of the plaintiff's evidence was proper. The evidence showed that the plaintiff himself did not know how his injuries occurred. Further, two of the defendants, Lisa Schmidt and Patricia Brower, called as the plaintiff's witnesses, testified unequivocally that they did not see what had happened to the plaintiff. Indeed, their testimony placed all of the defendants in front of the plaintiff when he fell face down on the ground.

During the trial, the plaintiff sought to introduce a portion of a police report which indicated that the defendant Lisa Schmidt had stated to a police officer that the defendant Ritchie Losito had punched the plaintiff in the face causing him to fall. The defendant Schmidt had refused to sign the written statement, and denied having made such an oral statement to the police. We note that both the defendant

Schmidt and the plaintiff denied having told the police shortly after the incident that the defendant Losito had struck the plaintiff. We find that the trial court properly admitted that portion of the police report for the sole purpose of impeaching the defendant Schmidt's credibility by showing her prior inconsistent statement. Pursuant to CPLR 4518, a police report would be admissible as proof of the facts contained therein "if (1) the entrant of those facts was the witness, or (2) the person giving the entrant the information was under a business duty to relate the facts to the entrant" *(Toll v State of New York,* 32 AD2d 47, 49). Clearly, neither of these conditions was satisfied in the instant case. However, as the report sets forth a purported statement by the defendant Schmidt, it was admissible for the limited purpose of proving that the statement was made by her. Since the contents of the report do not otherwise qualify under a hearsay exception, the statements contained therein were not admissible for their truth *(see, Toll v State of New York, supra,* at 49-50).

We also reject the plaintiff's contention that the evidence that the defendant Losito left the scene of the incident before the police had an opportunity to interview him constituted evidence of flight sufficient to establish a prima facie case. With respect to such circumstantial evidence, it has been held that, "[g]enerally speaking, all that is necessary is that the evidence have relevance, that it tend to convince that the fact sought to be established is so" *(People v Yazum,* 13 NY2d 302, 304, *rearg denied* 15 NY2d 679). Here, no evidence was presented to show that the defendant Losito even knew that the police wanted to speak with him regarding the incident. Therefore, his failure to remain at the scene does not tend to establish that he assaulted the plaintiff.

Based upon the evidence presented by the plaintiff, the trial court properly dismissed the complaint at the end of the plaintiff's case. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.