■ DEBORAH J. ZBORAY, Appellant, v ROBERT FESSLER, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated March 14, 1988, which, upon an order granting the defendant's motion pursuant to CPLR 4401 to dismiss the complaint at the close of the plaintiff's direct case for failure to "prove a prima facie case", dismissed the complaint "on the merits".

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of liability, with costs to abide the event.

While placing hay in a stall, the plaintiff was kicked by the defendant's horse "Dee Dee"—for which she was caring—sustaining serious physical injuries. At trial, and after the plaintiff's case was completed, the court granted the defendant's motion for judgment during trial, concluding that the plaintiff had failed, as a matter of law, to establish that the horse had previously exhibited a vicious propensity to kick of which the defendant had knowledge. The plaintiff now appeals, arguing that the court erred in taking the case from the jury. We agree.

Initially, it must be noted that on a motion by a defendant for judgment during trial pursuant to CPLR 4401, "the facts adduced at trial must be considered in the light most favorable to the plaintiff * * * and the plaintiff is entitled to the advantage of every favorable inference that can be properly drawn from the facts presented" (Glick v City of New York, 139 AD2d 402, 403; see also, Blum v Fresh Grown Preserve Corp., 292 NY 241; Kraus v Birnbaum, 200 NY 130, 133; Donohue v Losito, 141 AD2d 691). "Before a complaint may be dismissed at the close of the plaintiff's evidence, there must be no rational basis upon which the jury might find in favor of the plaintiff" (Donohue v Losito, supra, at 691; see also, Grillias v D'Arrigo Bros. Co., 144 AD2d 638).

Viewed within the context of the foregoing principles, the evidence adduced by the plaintiff was sufficient to create a question for the jury's resolution. It was incumbent upon the plaintiff to establish that a question of fact was presented with respect to the alleged vicious propensity of the defendant's

horse to kick and the defendant's knowledge thereof. The record reveals that the plaintiff sustained this burden. Significantly, Clifford Grandison, a groom employed by the defendant who had in excess of 20 years' experience with horses, testified at trial that on at least one occasion while he was feeding the defendant's horse, she postured herself in such a manner that, based upon the witness's experience he apparently believed she was about to kick, or so a jury could have found. Grandison further stated that when the horse so postured itself he got "out of the way" and exited the stall, avoiding potential injury. Nevertheless, he did report this incident to the defendant, whom he cautioned to be careful when in close proximity to the horse's posterior. Specifically, Grandison testified that he told the defendant, "[n]ever allow the horse to, you know, turn her quarters to you or walk behind her. Any time you are going to walk behind Dee Dee always go in the far distance. Never walk too close behind her". Notably, the evidence proffered by the plaintiff established that immediately prior to her injury, the defendant's horse had similarly postured its hindquarters in the manner described by Grandison.

Contrary to the assertions of our dissenting colleague, there is nothing in Grandison's testimony which establishes that his warning was given because he "knew he was dealing with an inexperienced horseowner in the defendant and was instructing him generally to maintain some distance between himself and his horse's hindquarters". Despite being questioned in some detail with respect to the horse's posturing its hindquarters and the manner in which he reported it to the defendant —still his employer at the time of trial—Grandison at no point sought to characterize his warning to the defendant as merely a general caution intended for the benefit of a person inexperienced with the behavior of horses. Rather, the record supports the inference that Grandison thought enough of the potential danger presented by this particular horse to seek out and *inform* the defendant in no uncertain terms that he should never walk behind the horse or allow the horse to turn its hindquarters on him.

When viewed in a light most favorable to the plaintiff, and accorded every reasonable inference to be drawn therefrom *(see, Glick v City of New York,* 139 AD2d 402, *supra; Donohue v Losito,* 141 AD2d 691, *supra),* the foregoing testimony was sufficient to create a question for the jury with respect to whether the defendant's horse "had the pre-existing vicious propensity to do the particular injurious act complained of"

and whether the defendant had prior knowledge thereof *(Buchholz v Shapiro,* 48 AD2d 694, 695; *see also, Mirabella v Theim,* 306 NY 650; *Brophy v Columbia County Agric. Socy.,* 116 AD2d 873). Accordingly, the order appealed from is reversed and the matter remitted for a new trial. Kooper, J. P., Spatt and Rosenblatt, JJ., concur.

Harwood, J., dissents and votes to affirm the judgment appealed from with the following memorandum: I do not agree with my colleagues that there was sufficient evidence to create a question for the jury as to the defendant's liability. I conclude, as did the Trial Justice, that the evidence, when viewed even in a light most favorable to the plaintiff, failed to establish that the defendant's horse had previously exhibited the vicious propensity to do the injurious act complained of and that the defendant had prior knowledge thereof *(see, Hosmer v Carney,* 228 NY 73; *Buchholz v Shapiro,* 48 AD2d 694). It is clear from a careful reading of his testimony that the defendant's employee Grandison never concluded that the defendant's horse "Dee Dee" had a propensity to kick, nor did he so inform the defendant. It is evident rather that Grandison knew he was dealing with an inexperienced horseowner in the defendant and was instructing him generally to maintain some distance between himself and his horse's hindquarters.

Absent a showing that the horse had this propensity and the defendant knew it, there can be no liability *(see, Benoit v Troy & Lansingburgh R. R. Co.,* 154 NY 223, 225-226), and thus, in my opinion, the defendant was properly granted judgment as a matter of law *(see, Appel v Charles Heinsohn, Inc.,* 91 AD2d 1029, *affd* 59 NY2d 741).