■ DEBORAH L. TESSIERO, Individually and as Mother and Natural Guardian of KYLE TESSIERO, an Infant, Respondent, v DAVID CONRAD et al., Appellants.—Appeal from an order of the Supreme Court (White, J.), entered May 6, 1991 in Montgomery County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

Plaintiff commenced this action to recover for injuries sustained by her infant son when he was bitten by defendants' seven-month-old puppy. Plaintiff moved for partial summary judgment on the issue of liability, relying on deposition testimony by both defendants wherein they admitted that their puppy had nipped their niece's hand about three weeks prior to the incident herein when she suddenly awoke the dog. Based on this evidence, Supreme Court granted the motion and defendants now appeal.

To establish a prima facie case for an injury caused by a domestic animal, a plaintiff must not only prove that the animal has vicious propensities, but that the owner knew of such propensities "or that they existed for such a period of time that a reasonably prudent person would have discovered them" *(Appel v Charles Heinsohn, Inc.,* 91 AD2d 1029, 1030, *affd* 59 NY2d 741; *see also, Brophy v Columbia County Agric. Socy.,* 116 AD2d 873, 873-874). The fact that an animal may have previously responded by biting does not automatically establish, as a matter of law, either vicious propensities or knowledge thereof *(see generally, Lynch v Nacewicz,* 126 AD2d 708, 709 [holding that evidence as to the severity of injuries to prior victims should not be excluded as it goes to the question of whether a dog has a vicious propensity]; *see, Wignes v Bottger,* 136 Misc 2d 490, 493). The circumstances under which defendants' niece was nipped, which resulted in a minor break in the skin, neither established vicious propensities as a matter of law nor put defendants on notice that the dog possessed such propensities. As plaintiff failed to establish defendants' liability as a matter of law, Supreme Court erred in granting her motion for partial summary judgment.

Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.