■ VICTOR FAZIO, III, an Infant, by His Parent, VICTOR FAZIO, JR., et al., Appellants, v DAINA V. MARTIN, Respondent. [642 NYS2d 433] —Spain, J. Appeal from an order of the Supreme Court (Caruso, J.), entered May 8, 1995 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

On September 14, 1990, plaintiff Victor Fazio, III, who was then four years old, sustained serious injuries when he was bitten by defendant's one-year-old, 74-pound male English Sheepdog.* The record indicates that on the day before this incident, defendant's dog was injured when a nail became stuck in his paw. Defendant took the dog to the veterinarian's office where the animal was sedated, treated and kept overnight. When the dog was discharged the following day, the treating veterinarian supplied a dosage of antibiotics and released the dog with no special restrictions or warnings. Later that day, defendant

---

* Although James Martin was an original defendant named in the complaint, the record indicates that he is deceased and his name was removed from the title by stipulation.

allowed her nine-year-old daughter to walk the dog on a leash attached to a "choke chain" collar. Fazio went over to pet the dog as it was walked past his house and the dog apparently attacked the boy after the child accidentally stepped on the dog's foot. Although defendant's daughter attempted to pull the dog off the child, the dog assertedly did not release the child until Fazio's mother ran over to help. Following the commencement of this personal injury action and completion of discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal followed.

We affirm. It is well settled that "absolute liability attaches where personal injury results from the act of an animal found to have vicious propensities, of which its owner knows, or should know" (Lynch v Nacewicz, 126 AD2d 708, 708-709; see, Fox v Martin, 174 AD2d 875). Here, plaintiffs apparently concede that defendant had no actual notice of vicious propensities on the part of the dog. To the extent that plaintiffs' arguments can be construed as arguing that defendant should have known of the possibility of dangerous or unpredictable behavior based upon the dog's recent injuries and trauma, we find that such claims are not supported by the record. Notably, the affidavit from the dog's treating veterinarian establishes that the dog displayed no aggressive tendencies when discharged, the antibiotics prescribed for the dog would not cause mood swings and the only instructions given to defendant "were routine and related to * * * cleaning of the bandages". Since plaintiffs have failed to present sufficient evidentiary proof to contradict this affidavit or the other evidence presented by defendant, the complaint was properly dismissed.

We have examined the remaining arguments raised by plaintiffs, including their claims of negligence (cf., Austin v Bascaran, 185 AD2d 474, 476), and have found them unpersuasive.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.