■ KAYLA ROGERS, an Infant, by DONNA ROGERS, Her Parent and Guardian, et al., Respondents, v JOHN TRAVIS et al., Appellants. [646 NYS2d 206] —White, J. Appeal from an order of the Supreme Court (Kahn, J.), entered October 27, 1995 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

On August 20, 1992, six-year-old plaintiff Kayla Rogers (hereinafter plaintiff) was riding her bicycle in defendants' fenced-in yard when her bicycle tipped over and she and the bicycle fell on defendants' dog, who had been napping on the grass. When she attempted to get up, plaintiff inadvertently struck the dog in the stomach. The dog bit her on the cheek.

Plaintiff's mother, plaintiff Donna Rogers, thereafter commenced the instant negligence action against defendants, the dog's owners. Defendants answered and, after some discovery, moved for summary judgment dismissing the complaint. Supreme Court denied the motion. Defendants appeal.

A defendant seeking summary judgment has the initial burden of coming forward with admissible evidence showing that the plaintiff's cause of action has no merit (*see, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967). To satisfy this burden, these defendants were required to establish they did not have actual or constructive notice of their dog's vicious propensities (*see, Fazio v Martin*, 227 AD2d 809; *Sorel v Iacobucci*, 221 AD2d 852, 853). To establish their lack of notice, defendants submitted numerous affidavits by their neighbors and others familiar with the dog attesting to its gentle and tolerant nature. They also point to plaintiff's pretrial deposition wherein she stated that she had been to defendants' residence

five times prior to the subject incident and was not afraid of their dog as she had not seen it bite anyone or growl or do anything that made her afraid of him.

As defendants satisfied their burden with the foregoing proof, it became incumbent upon plaintiffs to come forward with admissible evidence creating a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). They attempted to do so by relying on the pretrial deposition of a former neighbor of defendants. She testified that, prior to plaintiff's incident, she was present in defendants' home when their three-year-old grandchild was involved in an incident with the dog. She stated, however, that she was not sure if the little girl hit her foot on the stove or was nipped by the dog which she had apparently been teasing. In any event, she only sustained a slight scratch on her foot that merely required a Band-Aid.

Assuming defendants' granddaughter was nipped by their dog, we have previously held that such a minor event cannot serve to establish a dog's "vicious propensities as a matter of law nor put [the] defendants on notice that the dog possessed such propensities" (*Tessiero v Conrad*, 186 AD2d 330). Therefore, we conclude that plaintiffs have failed to create a triable issue of fact on the issue of whether defendants had notice of their dog's "vicious propensities" prior to August 20, 1992. Defendants' motion for summary judgment dismissing the complaint should, accordingly, have been granted (*see, Toolan v Hertel*, 201 AD2d 816; *Wilson v Bruce*, 198 AD2d 664, *lv denied* 83 NY2d 752; *Young v MacIsaac*, 187 AD2d 1038, *lv denied* 81 NY2d 709).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.