■ KIMBERLY WILSON, Individually and as Parent and Guardian of ALYSSA WILSON, an Infant, Appellant, v WILLIAM WHITEMAN et al., Respondents. [655 NYS2d 126] —Mercure, J. Appeal from an order of the Supreme Court (Ellison, J.), entered March 22, 1996 in Chemung County, which granted defendants' motion for summary judgment dismissing the complaint.

Alyssa Wilson, then five years old, was bitten by defendants' dog, an Akita named "Thor", while visiting defendants' home with plaintiff, her mother. As a result, plaintiff commenced a personal injury action against defendants individually and on behalf of her daughter. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal by plaintiff ensued.

We affirm. In order for an owner to be held liable for injuries caused by a domestic animal, the plaintiff must prove that the animal had vicious propensities and that the owner had knowledge of the same or " 'that [such vicious propensities] existed for such a period of time that a reasonably prudent person would have discovered them' " (*Tessiero v Conrad*, 186 AD2d 330, quoting *Appel v Charles Heinsohn, Inc.*, 91 AD2d 1029, 1030, *affd* 59 NY2d 741). The incident giving rise to this action was unwitnessed. Defendants submitted affidavits in which

they averred that Thor had never bitten or threatened to bite anyone prior to the incident in question nor had he exhibited any other aggressive or dangerous characteristics. In addition, defendant William Whiteman averred that no one had ever informed him of any threatening or dangerous behavior from Thor.

In opposition to defendants' motion, plaintiff submitted the affidavit of David Hancock, a veterinarian, who stated that the Akita breed was bred as a hunting dog to be aggressive, had a stubborn streak and was more skittish and high strung than other breeds. Plaintiff also relied upon a statement by defendant Janine Whiteman in which she indicated that Thor was territorial, as well as various photographs depicting the child's injuries. In our view, plaintiff's submissions are insufficient to raise an issue of fact regarding Thor's alleged vicious propensities or defendants' knowledge of the same (*see, Rogers v Travis*, 229 AD2d 879; *Toolan v Hertel*, 201 AD2d 816; *Wilson v Bruce*, 198 AD2d 664, *lv denied* 83 NY2d 752). Therefore, we find no reason to disturb Supreme Court's order.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.