■ MADELINE B. VELAZQUEZ, as Parent and Guardian of ANTHONY FLORES, JR., an Infant, Appellant, v LAURETTE CARNS, Respondent, et al., Defendants. [663 NYS2d 705] —Spain, J. Appeal from an order of the Supreme Court (Coutant, J.), entered September 10, 1996 in Broome County, which, *inter alia*, granted defendant Laurette Carns' motion for summary judgment dismissing the complaint against her.

Plaintiff commenced this action on behalf of her son, Anthony, for personal injuries he sustained as a result of being bitten in the face by an Old English Sheepdog named Max, which was owned by defendant Laurette Carns (hereinafter defendant). Following joinder of issue and the completion of some discovery, defendant moved for summary judgment dismissing the complaint against her on the ground that she had no actual or constructive knowledge that Max had vicious propensities. Plaintiff cross-moved for an order granting additional discovery pursuant to CPLR 3212 (f). Supreme Court granted defendant's motion and denied plaintiff's cross motion. Plaintiff now appeals, as limited by her brief, from that part of Supreme Court's order granting defendant summary judgment.

We affirm. It is settled that in order to hold an owner strictly liable for personal injuries caused by a domestic animal, it must be proven that the animal had vicious propensities of which the owner knew, or should have known (*see, Fazio v Martin,* 227 AD2d 809, 810; *Toolan v Hertel,* 201 AD2d 816). In establishing whether the owner "should have known", the animal's vicious tendencies must have existed for a sufficient period of time for a reasonable person to discover them (*see, Wilson v Whiteman,* 237 AD2d 814). In support of her motion, defendant averred that she had adopted Max only the day before the incident from defendant New York State Old English Sheepdog Rescue, which had represented to her that Max was a gentle house dog who had previously been a "nanny dog" to a family with three young children. Defendant asserts that Max had all the appropriate shots and medical care and that she had no knowledge or reason to believe that Max would snap or bite. To defendant's knowledge, English Sheepdogs as a breed are known to be good-natured, passive and safe with children and that, despite this knowledge, on the night of the incident defendant did not allow Anthony and another child to play with Max until she was available to supervise their play. In our view, the foregoing proof satisfied defendant's initial burden entitling her to summary judgment as a matter of law.

Plaintiff asserts that because the dog growled and barked during play activity while chasing a rope just prior to the biting incident, defendant knew or should have known of the dog's vicious propensities. Plaintiff acknowledges that the bite occurred when Anthony approached Max and reached out to pet the dog while the dog was lying on the ground facing the other way, in the direction of the other child. There is no evidence in the record that, at any time leading up to the biting incident, Max snapped at, bit or attempted to bite anyone. Growling and barking during the playful activities described in this case cannot be, in and of themselves, evidence of vicious tendencies. Plaintiff's submissions, consisting of the affidavit of her attorney, portions of deposition testimony by plaintiff and Anthony, photographs and a medical report, which we note is not in admissible form, are insufficient to raise a material issue of fact regarding defendant's actual or constructive knowledge of Max's alleged vicious propensities prior to the incident (*see, Wilson v Whiteman, supra; Rogers v Travis*, 229 AD2d 879; *Smrtic v Marshall*, 176 AD2d 986).

In our view, Supreme Court properly granted summary judgment and dismissed the complaint against defendant.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.