Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ MEGAN BECK, an Infant, by DAVID BECK, Her Father and Guardian, et al., Respondents-Appellants, v ROGER G. MORSE et al., Appellants-Respondents. [706 NYS2d 755] —Cardona, P. J. Cross appeals from an order of the Supreme Court (Dier, J.), entered January 26, 1999 in Warren County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for sanctions.

On the afternoon of December 27, 1996, plaintiff Megan Beck (hereinafter the infant) was playing with her brother and cousin outside of her grandparents' house in the Town of Poestenkill, Rennselear County, when two golden retrievers entered the yard. The infant identified the dogs, named Dakota and Montana, as belonging to defendants, neighbors of her grandparents. The dogs had apparently left defendants' yard where they were confined by an invisible fence. The children proceeded to play with the dogs; however, when petting one of them, the infant was bit on her face.

As a result of injuries sustained, the infant's father commenced this negligence action on behalf of the infant and himself (hereinafter collectively referred to as plaintiffs) against defendants. Following joinder of issue, defendants moved, *inter alia*, for summary judgment dismissing the complaint and plaintiffs cross-moved, *inter alia*, for the imposition of sanctions pursuant to CPLR 3126 due to defendants' failure to comply with certain discovery demands. Upon finding the existence of questions of fact as to the alleged vicious propensities of defendants' dogs, Supreme Court, *inter alia*, denied defendants' motion for summary judgment and plaintiffs' cross motion for the imposition of sanctions. These cross appeals ensued.

Initially, "[i]t is settled that in order to hold an owner strictly liable for personal injuries caused by a domestic animal, it must be proven that the animal had vicious propensities of which the owner knew or should have known" (*Velazquez v Carns*, 244 AD2d 620; *see, Wilson v Whiteman*, 237 AD2d 814). In support of their motion for summary judgment, the initial burden was upon defendants "to establish they did not have actual or constructive notice of their dog's vicious propensities"

(*Rogers v Travis*, 229 AD2d 879; *see, Wilson v Bruce*, 198 AD2d 664, *lv denied* 83 NY2d 752; *Toolan v Hertel*, 201 AD2d 816). Here, both defendants averred that, prior to the December 27, 1996 incident, they were not aware of any aggressive or dangerous behavior exhibited by their dogs and they had not received any such complaints. They further submitted the affidavit of the dogs' veterinarian who confirmed that neither Montana nor Dakota possessed vicious propensities. In addition, defendants submitted deposition testimony of the infant in which she indicated that she was not afraid of the dogs and had played with them on previous occasions. She stated that when they came into her grandparents' yard on December 27, 1996, the dogs were wagging their tails and acting friendly. The infant's parents stated that, when the infant had played with the dogs on prior occasions, the dogs never nipped or growled but were always friendly.

Since defendants met their initial burden of establishing their lack of knowledge of the dogs' vicious propensities, it was incumbent upon plaintiffs to come forward with evidence sufficient to raise a question of fact (*see, Rogers v Travis, supra,* at 880; *Wilson v Bruce, supra,* at 664). In opposition to defendants' motion, they submitted the affidavit of Janice Sencer, a neighbor of defendants, who averred that prior to December 27, 1996 she witnessed defendants' dogs roam the neighborhood and engage in aggressive and intimidating behavior which included chasing and harassing her and her grandchildren. In addition, plaintiffs put forth the affidavit of the infant's grandmother, Dale Kronau, who averred that, after the infant was bitten, defendant Dianne Morse told her that one of her dogs had acted aggressively towards her before this incident and she thought it was because the dog had been mistreated or abused prior to her acquiring him. The evidence advanced by plaintiffs was sufficient to raise a question of fact concerning defendants' knowledge of vicious propensities possessed by their dogs. Therefore, Supreme Court properly denied defendants' motion for summary judgment.

We have considered plaintiffs' claim that Supreme Court erred in failing to impose sanctions for defendants' failure to comply with their discovery demands and, given the absence of proof that defendants acted contumaciously or in bad faith, find that the court did not abuse its discretion in declining to do so (*see, Nabonzny v Cappelletti,* 267 AD2d 623, 625; *Puccia v Farley,* 261 AD2d 83, 85).

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.