■ KYLA McKEE, Respondent-Appellant, v J&J OTSEGO PROPERTIES, INC., Doing Business as COACH'S CORNER, Respondent, and JOSEPH VAN ORDEN, Appellant-Respondent. [716 NYS2d 739] —Graffeo, J. Cross appeals from an order of the Supreme Court (Dowd, J.), entered January 10, 2000 in Otsego County, which granted a motion by defendant J&J Otsego Properties, Inc. for summary judgment dismissing the complaint against it and partially granted a cross motion by defendant Joseph Van Orden for summary judgment.

Plaintiff was bitten by a dog owned by defendant Joseph Van Orden on premises known as Coach's Corner, a tavern owned by defendant J&J Otsego Properties, Inc. (hereinafter J&J) in the City of Oneonta, Otsego County. As this appeal involves the dismissal of various of plaintiff's claims on motions for summary judgment, plaintiff's version of the relevant events precipitating her injury is accepted as true for purposes of this appeal. According to plaintiff, who worked as a bartender at the tavern but who had completed her shift and was off duty at the time of the incident, Van Orden arrived at the bar shortly before 6:00 P.M. on November 20, 1997, accompanied by his dog, "Diesel," a 90-pound Akita. Because Coach's Corner had a policy of prohibiting dogs on the premises, plaintiff asked Fred Morris, the manager of the bar, to speak to Van Orden about removing the dog. However, sometime later, Morris apparently indicated that the dog could remain. Having been released from his leash, the dog moved freely within the bar without disturbing the approximately eight customers who were in the establishment.

After a loud argument erupted between two patrons, Morris expelled the troublesome customers from the tavern. Although the dog paced nervously during the dispute, he calmed down after the commotion ended. Fifteen to twenty minutes later, plaintiff asked Van Orden for permission to pet Diesel, who was then sitting quietly next to him, and Van Orden assented. Plaintiff squatted next to the dog with her face inches from the animal's face and began to pet its flanks, initially eliciting no response from the dog. However, moments later, Diesel suddenly turned his head and bit plaintiff in the face, causing lacerations. Van Orden, who was within three feet of the dog, immediately pulled the animal away from plaintiff and removed him from the bar.

Plaintiff commenced this personal injury action against Van Orden and J&J, alleging that they knew or should have known of the animal's vicious propensities and were negligent in allowing the dog to be unrestrained on the premises. After the parties engaged in discovery, each defendant moved for summary judgment, asserting plaintiff failed to establish a basis for liability as there was no indication that the dog had vicious propensities. Plaintiff opposed the motions, arguing there was evidence of vicious propensities and, in addition, that each defendant could be liable under a negligence theory. Supreme Court dismissed the complaint in its entirety against J&J and partially granted Van Orden's motion, finding that plaintiff failed to offer any evidence that Diesel possessed vicious propensities but that the violation of Oneonta's "leash law" ordinance* could provide a basis for imposing liability against Van Orden. Plaintiff and Van Orden cross-appeal.

Generally, a plaintiff may not recover for injuries sustained in an attack by a dog without establishing that the animal had vicious propensities and that defendant knew or should have known of such propensities (*see, e.g., Shannon v Schultz*, 259 AD2d 937, *lv denied* 93 NY2d 816; *Velazquez v Carns*, 244 AD2d 620; *Wilson v Whiteman*, 237 AD2d 814; *Terrio v Daggett*, 208 AD2d 1163; *Toolan v Hertel*, 201 AD2d 816; *Tessiero v Conrad*, 186 AD2d 330; *Fox v Martin*, 174 AD2d 875). Upon our review of the record, we concur with Supreme Court's finding that no evidence was presented from which it could be inferred that Diesel possessed vicious propensities, or that Van Orden or J&J could or should have been aware of such propensities. Van Orden's assertion that the dog had never bitten anyone before and was generally friendly with strangers was uncontradicted and, by all accounts, the dog was not aggressive and did not behave in a threatening manner while in the bar prior to the incident.

While this Court has recognized that, in some circumstances, a plaintiff who sustains injury due to the conduct of an unrestrained dog may pursue a negligence claim predicated on a defendant's failure to comply with a local animal control ordinance (*see, Clo v McDermott*, 239 AD2d 4, 6), we find this theory of recovery to be unavailable here, as the dog was not freely roaming when plaintiff was bitten. Given Diesel's proximity to his owner and the fact that plaintiff deliberately

---

* The ordinance provides, in pertinent part, that "[i]t shall be unlawful for any owner of any dog to permit or allow such dog, in the City of Oneonta, to be at large. All dogs shall be restrained upon a leash not over six feet in length while off the owner's premises."

approached the dog and intentionally initiated the physical contact which preceded her injury, we find no basis in the record from which a reasonable jury could infer that Van Orden's failure to comply with the leash law was a contributing factor in the incident (*see generally, Matter of Banks v City School Dist.*, 257 AD2d 723). Accordingly, we conclude that Van Orden was entitled to summary judgment on this claim as well.

Finally, Supreme Court properly dismissed plaintiff's negligence claim against J&J. While a bar owner has a duty to act in a reasonable manner to control the conduct of third persons on its premises to prevent harm to its patrons (*see, Stevens v Spec, Inc.*, 224 AD2d 811, 812-813; *Marianne OO. v C & M Tavern*, 180 AD2d 998, 999), the facts adduced in the record fail to suggest that this duty was breached. Plaintiff does not rely on the alleged violation of any statute or regulation as a basis for her claim of negligence against J&J. Thus, as Diesel's behavior leading to the sudden attack had not given plaintiff and other bar employees any particular reason to fear for their safety or that of their customers, plaintiff's claim distills to a contention that J&J was negligent because one of its agents allowed a dog on the premises. Just as courts have rejected negligence claims predicated on the mere presence of a dog on the roadway (*see, Young v Wyman*, 76 NY2d 1009, 1010; *Staller v Westfall*, 225 AD2d 885), we are unpersuaded that the mere presence of a dog in a tavern constitutes prima facie evidence of negligence.

The remaining contentions of the parties have been considered and determined to be without merit.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Joseph Van Orden's cross motion to dismiss the negligence claim against him; cross motion granted and complaint dismissed against said defendant in its entirety; and, as so modified, affirmed.