In an action to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated November 8, 2002, which, upon the granting of the defendants’ motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiffs’ case, dismissed the complaint.
Ordered that the judgment is affirmed, with costs.
Viewing the evidence in the light most favorable to the plaintiffs and giving them the benefit of every favorable inference (see Zboray v Fessler, 154 AD2d 367 [1989]), the Supreme Court correctly granted the defendants’ motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiffs case due to the plaintiffs’ failure to make out a prima facie case. To impose liability against an out-of-possession landlord for injuries caused by a tenant’s animal on a theory of strict liability, a plaintiff must prove that the landlord had notice of the animal’s presence, knew or should have known of its vicious propensities, and had the ability to control the premises or confine or remove the animal (see Madaia v Petro, 291 AD2d 482 [2002]; Mehl v Fleisher, 234 AD2d 274 [1996]). The plaintiffs adduced no evidence that the subject horse had ever exhibited any vicious propensities. Insofar as the plaintiffs seek to impute alleged causative mistreatment of the horse to the defendants, their claims are without merit, since any failure to care for the horse was attributable to the tenants on the farm who owned the horse, and not to the defendants. Moreover, the plaintiffs did not establish any actionable negligence attributable to the defendants (see Williams v City of New York, 306 AD2d 203 [2003]; cf. Faller v Schwartz, 303 AD2d 624 [2003]; Colarusso v Dunne, 286 AD2d 37 [2001]; St. Germain v Dutchess County Agric. Socy., 274 AD2d 146 [2000]; Schwartz v Erpf Estate, 255 AD2d 35 [1999]).
The plaintiffs’ remaining contentions are without merit. Ritter, J.E, Florio, S. Miller and H. Miller, JJ., concur.