■ PAMELA SERLA, Appellant, v HAROLD F. JACOBSEN et al., Defendants, and JACO TRANSPORTATION, INC., et al., Respondents. [800 NYS2d 565]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), entered

August 23, 2004, as granted that branch of the motion of the defendants Jaco Transportation, Inc., and John Georges which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured in a two-vehicle accident on Old Country Road in Melville, when her westbound mini-van collided head-on with an eastbound vehicle operated by the defendant Harold F. Jacobsen. At her deposition, the plaintiff testified that a short time before her collision with the Jacobsen vehicle, a mini-school bus operated by the defendant John Georges and owned by the defendant Jaco Transportation, Inc. (hereinafter collectively the respondents), left the eastbound lane and skidded across the westbound lane of travel in front of her. According to the plaintiff, the bus eventually collided with a guardrail abutting the shoulder of the westbound lane, and came to rest on the shoulder of the westbound lane. The plaintiff also testified that the bus "was far enough ahead of [her] that it didn't cause [her] to lose control of [her] vehicle" or alter her direction of travel. She further stated that she had already passed the mini-school bus without difficulty and was traveling in the westbound lane when she first observed Jacobsen's vehicle entering the westbound lane and coming directly toward her.

Accepting the plaintiff's version of events as true for purposes of this appeal (*see Rizk v Cohen,* 73 NY2d 98, 103 [1989]; *McKee v J&J Otsego Props.,* 277 AD2d 787 [2000]), the vehicle driven by Georges clearly was not a proximate cause of the subsequent collision between the plaintiff's vehicle and the Jacobsen vehicle. Thus, the respondents established their prima facie entitlement to judgment as a matter of law with respect to the dismissal of the complaint insofar as asserted against them (*see Whitehead v Reithoffer Shows,* 304 AD2d 754, 755 [2003]). The plaintiff, in opposition, failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In particular, the plaintiff cannot rely on Jacobsen's version of the accident—which squarely contradicts her own—in order to raise a triable issue of fact as to the cause of the accident.

Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.